THE STATE OF FLORIDA ex rel. FRANK J. PEPPER, *Relator*, v. H. F. ATKINSON, Circuit Judge, et al., *Respondents.*

En Banc.

Opinion filed November 21, 1929.

*Stapp, Gourely, Vining & Ward,* and *Guyte P. McCord,* for Relator.

WHITFIELD, J.—In an action at law in the Civil Court of Record for Dade County a final judgment for defendant on demurrer was rendered May 29, 1929. The plaintiff took writ of error to the circuit court dated August 12, 1929, returnable September 16, 1929. A *scire facias ad audiendum errores* was issued August 12, 1929, returnable September 16, 1929. The *scire facias* was served August 28, 1929. On September 17, 1929, the defendant in error entered a "special appearance" in the circuit court and moved "to quash the writ of error and dismiss same" on a ground that the writ of error is made returnable less than twenty-five days from the time of the service of the *scire facias.* The circuit judge denied the motion to dismiss the writ of error.

The defendant in error as relator here prays for a writ of prohibition to prohibit the circuit court "from exercising any further jurisdiction" in the cause.

Section 11, Chapter 11357, Acts Extraordinary Session 1925, Section 5166, Comp. Gen. Laws 1927, provides that:

"The circuit courts shall have appellate jurisdiction in all cases decided by such civil courts of record in the same manner and with the same limitations as in writs of error from the circuit court to the Supreme Court."

Section 2912, Rev. Gen. Stats. 1920, Sec. 4622, Comp. Gen. Laws 1927, provides that:

"In all cases except where the writ of error lies into the Supreme Court the clerk, or judge if there be no clerk, issuing the said writ of error shall issue to the

defendant in error a *scire facias* to hear errors, which shall be made returnable with the said writ of error, and shall be served twenty-five days before the return day.''

In this case it is not necessary to determine whether, notwithstanding the last quoted statute, the statute first above quoted dispenses with the issuance and service of a writ of *scire facias ad audiendum errores* on writs of error taken to the circuit court from the civil court of record under Chapter 11357, Acts 1925, extra session.

The defendant in error moved to quash, not the service of the *scire facias,* but *the writ of error,* which operated as a general appearance in the cause in the circuit court, and the motion to quash and dismiss was for that reason properly denied. Special appearances can be of avail to a defendant in error only when a motion to quash or dismiss challenges the service of process on the defendant in error, and not when the grounds of a motion to quash or dismiss refer to the writ of error. Garner v. Garner, 83 Fla. 143, 90 So. R. 819; Lonergan v. Peebles, 74 Fla. 123, 76 So. R. 694; Casper v. Bonbright, 94 Fla. 1237, 115 So. R. 540; Seaboard Realty Co. v. Seaboard-All Florida Ry., 91 Fla. 670, 108 So. R. 675; Oppenheimer v. Guckenheimer, 34 Fla. 13, 15 So. R. 670; First National Bank v. Board of Public Instruction, 93 Fla. 182, text 192, 111 So. R. 521.

Writ of prohibition denied.

TERRELL, C. J., AND ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.