EDWIN H. HILL and RICHARD H. HILL, as late co-partners doing business under the firm name and style of HILL BROTHERS ELECTRIC COMPANY, *Plaintiffs,* vs. PAUL D. BARNS, Judge of the Circuit Court for the Eleventh Judicial Circuit in and for Dade County, Florida, and SOUTHEASTERN PROPERTIES, INC., a corporation organized and existing under the laws of the State of Florida, *Defendants.*

137 So. 159.
Division B.
Opinion filed October 14, 1931.

*Shipp, Evans & Kline,* for Plaintiffs;

*Paul D. Barns,* in pro per and *Grady C. Harris,* for Defendants.

WHITFIELD, P.J.—A rule in Prohibition was issued here upon ground that in appellate proceedings from the Civil Court of Record for Dade County to the Circuit Court for that county, the Circuit Court erroneously denied a motion to dismiss the writ of error in the cause upon grounds that no *scire facias* had been issued and served upon the defendants in error, it being contended that the issuance and service of a *scire facias* is required by sections 4622-23 C. G. L. and that there is no waiver of such service and no general appearance of the defendants in error in the intermediate appellate court.

The appearance of the defendants in error in the appellate court is not general, but is special to challenge the appellate court's jurisdiction of the defendants in error in the cause, and no ground of the motion to dismiss the writ of error relates to the sufficiency of the writ of error to give the appellate court jurisdiction of the subject matter of the cause, see First Nat'l. Bank v. Board of Public Instruction, 93 Fla. 192, 111 So. 521; nor does any ground of the motion relate to any matter other than that no *scire facias* was issued or served upon the defendants in error as required by section 4622 C. G. L. to give the appellate court jurisdiction of the defendants in error, therefore the motion to dismiss the writ of error being confined to matters affecting the jurisdiction of the court over the defendants in error, does not constitute a general appearance of the defendants in error in the appellate court. In State v. Atkinson, 98 Fla. 996, 124 So. 458, a ground of the motion to dismiss the writ of error related to the regularity of the writ of error itself and not solely to the service of a *scire facias*.

The acceptance by counsel for the defendants in error of service of copies of the assignment of errors, of the direc-

tions to the clerk for making the transcript of the record for the appellate court and of a copy of the transcript of the record, do not amount to a waiver of due service of a *scire facias* where such service is required, or to an appearance in the cause in the appellate court. Pyles v. Beall, 37 Fla. 549, 20 So. 775; Spencer v. Travelers' Ins. Co., 39 Fla. 677, 23 So. 442.

The statutes contain the following provisions:

"In all cases except where the writ of error lies into the Supreme Court the clerk, or judge if there be no clerk, issuing the said writ of error shall issue to the defendant in error a scire facias to hear errors, which shall be made returnable with the said writ of error, and shall be served twenty-five days before the return day." Sec. 4622 (2912) C. G. L., Act of 1832.

"It shall not be necessary in order to give the Supreme Court jurisdiction over the person of any defendant in error in civil causes, to issue or to serve the defendant in error with a scire facias ad audiendum errores, or with any other writ, process or notice, in any civil cause taken by writ of error to the Supreme Court, for the purpose of notifying him of the pendency of such writ of error proceeding; but all writs of error from the circuit court to the Supreme Court in civil causes shall be recorded by the clerk of the circuit court to whom such writ of error is addressed in the minute book of his court within ten days after its issuance or receipt by him, and such recording by the clerk of the writ of error shall be deemed, taken and held to be sufficient notice to the defendant in error of the pendency of such writ of error proceeding in the Supreme Court, and the Supreme Court shall thereby acquire complete jurisdiction over the person of such defendant in error." 4624 (2914) C. G. L., Act of 1897.

"The circuit courts shall have appellate jurisdiction in all cases decided by such civil courts of record in the same manner and with the same limitations as in writs of error from the circuit to the Supreme Court." Sec. 5166 C. G. L., Chap. 11357, Acts 1925 Extra Session.

These enactments considered together indicate a legislative intent that the provision in the latest act, section 5166,

giving circuits appellate jurisdiction in all cases decided by the civil courts of record "in the same manner and with the same limitations as in writs of error from the circuit court to the Supreme Court", shall dispense with the issue and service of a *scire facias* when a writ of error is taken to the circuit court from a civil court of record, and that the writ of error "shall be recorded * in the minute book" of the trial court, upon which record the appellate court "shall acquire complete jurisdiction over the person of such de-. fendant in error."

The writ of error here considered was issued by the clerk of the civil court of record dated September 10, 1930, returnable to the circuit court October 28, 1930, and is endorsed: "Filed this 10th day of September A. D. 1930, and recorded in Civil Court of Record Minutes No. 16 on Page 61." Under the statutes as construed this record of the writ of error gave the appellate court jurisdiction of the defendant in error and the issue and service of a *scire facias* is not required.

Writ of Prohibition denied.

TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.