State, *ex rel.* Associated Utilities Corporation, v. HONORA-
BLE C. E. CHILLINGWORTH, as Judge of the Circuit Court
of the Fifteenth Judicial Circuit.

181 So. 346.
Division B.
Opinion Filed May 20, 1938.

588

*Kearley & Chapman,* for Relator;

*Willis Sherill, Wm. C. Sherill* and *Abe Aronovitz,* for Respondent.

WHITFIELD, P. J.—A final judgment in an action at law was rendered for the plaintiff by the County Court of Palm Beach County, Florida. Defendant duly filed with the Clerk of the County Court a proper entry of appeal to the

Circuit Court of the county from the final judgment of the County Court. A notation of the filing of the entry of appeal was by the Clerk made on the progress docket of the County Court and a copy of the entry of appeal was accepted by counsel for the plaintiff in the County Court.

Appellee in the Circuit Court moved to dismiss the appeal on grounds:

"1. The court has no jurisdiction *over the cause;*

"2. The notice of appeal herein by the plaintiff in error was never entered of record."

The Circuit Court denied the motion to dismiss the appeal.

Upon petition filed here, the appellee in the Circuit Court obtained from this Court a Rule addressed to the Circuit Judge and to the appellant in the Circuit Court to show cause why a Writ of Prohibition should not be issued to prohibit the exercise of any jurisdiction over said cause on appeal in the Circuit Court. The respondent, appellant in the Circuit Court, demurred to the Petition for Prohibition on grounds going to the legal sufficiency of the Petition to warrant the relief sought.

By answer the Respondent Circuit Judge controverted in detail the allegations and conclusions thereon contained in the Petition.

The question to be determined is whether an entry of appeal that is required by the statute to be filed in a county court *must be recorded* in the records of the county court before it operates to transfer *a cause* to the appellate jurisdiction of the circuit court of the county.

The jurisdiction of any court in Florida is prescribed by the Constitution or by statute. Such jurisdiction is usually defined by general classifications of causes, and is potentially applicable to all causes within the classes as prescribed.

The method by which the jurisdiction of a court is invoked or acquired in a particular cause of action, is regulated by statute or by authorized Rules of common law, equity, probate, admiralty or other appropriate procedure and practice.

Where a court has potential original jurisdiction *of a cause,* actual jurisdiction thereof is invoked or acquired by the proper *filing* by a plaintiff or petitioner of a praecipe or petition or bill of complaint or other appropriate written instrument, upon which process may be issued and served to acquire jurisdiction of the opposing parties to the cause. Lovett v. Lovett, 93 Fla. 611, 112 So. 768. When actual jurisdiction *of the cause* is so duly invoked or acquired, the opposing parties may by a general appearance or by waiver or otherwise become subject to the jurisdiction of the court in the cause, the trial court having jurisdiction of the cause of action by the institution of the suit or action.

Where a court has potential appellate jurisdiction *of a cause,* actual appellate jurisdiction *of such cause* may be invoked or acquired by the due issue and filing in the trial court of a proper writ of error or by the filing of an entry of appeal, as the one or the other may be required by law. Wildwood C. & I. Co. v. Citizens Bank, 98 Fla. 186, 123 So. 699; Provident Savings Bank, etc., v. Devito, 98 Fla. 1076, 125 So. 235; Hill v. Barns, 103 Fla. 87, 137 So. 159.

Upon the acquisition of actual appellate jurisdiction *of a cause* by the due filing in the trial court of a writ of error or an entry of appeal as provided by statute, jurisdiction of the opposing parties to the appeal or writ of error may be acquired by the appellate court, by the due issue and proper service of process on the appellees or defendants in error, or by recording the writ of error or the entry of appeal in the trial court as the one or the other of the methods is prescribed by law; or the appellees or defendants in error may waive the issue or the service of process or may appear

generally in the cause, the appellants or plaintiffs in error being within the jurisdiction in the cause by filing the entry of appeal or the writ of error.

Proceedings by mandamus, quo warranto, habeas corpus, certiorari and prohibition are original in their nature, though they may be invoked to perform functions that are appellate in their nature. The proceedings are regulated by specific provisions of law and authorized Rules of Procedure.

While the paragraph of the statute regulating the filing, serving and record entry of an entry of appeal taken to the circuit court from a final judgment of a county court and dispensing with the service of any process in the cause, is inaptly worded, yet upon a consideration of its entire contents in connection with the established provisions and principles of appellate procedure, the intent and meaning of the statute are made apparent.

The first sentence and paragraph 2 of Section 1, Chapter 7841, Acts of 1919, Section 4645 C. G. L., are:

"Any judgment of a county court, county judge's court or justice of the peace court of this State may be reviewed by the proper appellate court having jurisdiction of the appeal, in the following manner: * * *

"2. The party appealing shall enter his written notice of appeal by filing the same with the clerk, or judge if there be no clerk, and a copy of such entry of appeal shall be served upon the defendant in error, or his attorney, or the State's attorney, if the appeal be taken in a criminal case, and such entry of appeal filed shall be forthwith entered of record in the cause being appealed and shall give the appellate court full and complete jurisdiction of the subject matter and the parties without the service of any process whatsoever."

The intent and purpose of the enactment are to simplify the method of taking appeals in causes from final judgments of county courts to the circuit courts.

(1) by requiring the appellant to file an entry of appeal in the county court, upon which filing the circuit court acquires appellate jurisdiction *of the cause;*

(2) by requiring the entry of appeal to be "entered of record" and a copy thereof served "upon the defendant in error," meaning the appellee, or his attorney, to give the court jurisdiction of *the appellee;* and

(3) by dispensing with the issue and servce of any process whatsoever, the appellee being held to notice of the entry of appeal by reason of its being "entered of record" and by the service of a copy of the entry of appeal on the appellee or his attorney.

The above quoted statute provides first for the filing of an entry of appeal to give to the appellate court jurisdiction *of the cause,* then for acquiring jurisdiction of *the appellee* by the service of a copy of the entry of appeal on the appellee or his attorney and by *entering of record* the entry of appeal, all of which "shall give the appellate court full and complete jurisdiction of the subject matter and the parties without the service of any process whatsoever." This accords with the established principles of appellate procedure.

Such procedure is more favorable to appellees than is the procedure in chancery causes where the entry of appeal is required to be entered in the chancery order book without service of a copy of it on appellee or his counsel. Sec. 1, Chap. 4528, Acts of 1897, Sec. 4964 (3172) C. G. L.; Whitted v. Abbe, 54 Fla. 669, 45 So. 478.

An entry of appeal from a county court to the circuit court is not required to be "entered of record" in any par-

ticular record book; and as a copy of the entry of appeal must be duly served on the appellee or his counsel, a notation on the progress docket of the filing of such entry of appeal in the county court is a sufficient entry of record, of which the appellee must take notice as conferring on the appellate court jurisdiction over his person, if a copy of the entry of appeal is duly served, accepted, or is waived by appearance of the appellee in the cause, or otherwise.

It is true it does not appear that the entry of appeal was recorded in full in any record book of the County Court; but the entry of appeal was in fact filed by the Clerk of the County Court and it is one of the papers on file in the cause in the County Court. Such filing of the entry of appeal as required by the statute invoked the actual appellate jurisdiction of the Circuit Court over *the cause,* and the acceptance of service of a copy of the entry of appeal by the attorneys for the appellees and the notation by the Clerk on the progress docket of the filing of the entry of appeal, gave the appellate court jurisdiction of the appellee in the cause, even though the entry of appeal was not recorded in full on the progress docket. The statute does not require the entry of appeal to be entered or recorded in the minutes of the court as does Chapter 4529, Acts of 1897, Section 4624 (2914) C. G. L.; State v. Canfield, 40 Fla. 36, 23 So. 791.

The entry of appeal in this case was in accord with the statute, and the filing of it in the cause in the County Court gave the appellate court jurisdiction *of the cause,* the motion of the appellee in the Circuit Court to dismiss the appeal on the ground that the Circuit Court had no jurisdiction *of the cause* being not justified in view of the due *filing* of a proper entry of appeal, the motion as made to dismiss the appeal amounted to a general appearance of the appellee in the cause in the appellate court. This is true even if it can be

said that a more extensive record of the entry of appeal should have been made by the Clerk in a record book of the County Court, the statute merely requiring that the "entry of appeal filed shall be forthwith entered of record in the cause being appealed," such entry of record having reference to acquiring jurisdiction of the appellee, and not of the cause. See discussion with citations of authorities in McJenkins v. Stevens, 88 Fla. 559, 102 So. 756. See also Garner v. Garner, 83 Fla. 143, 90 So. 819.

The Circuit Court properly denied the motion to dismiss the appeal. The Court has jurisdiction of the cause and of the appellee.

The rule is discharged.

BROWN and CHAPMAN, J. J., concur.

TERRELL and BUFORD, J. J., concur in the opinion and judgment.