228 So.2d 408 (1969)
Joe Perry WILDS, Jr., Appellant,
v.
Arthur H. PERMENTER, Appellee.
No. 2634.
District Court of Appeal of Florida. Fourth District.
November 26, 1969.
*409 George Orr and John H. Wahl, Jr., of Walton, Lantaff, Schroeder, Carson & Wahl, Miami, for appellant.
Chester E. Clem, Jr., of Jackson & Clem, Vero Beach, for appellee.
WALDEN, Judge.
Plaintiff's damage suit was dismissed for lack of prosecution under Rule 1.420(e), F.R.C.P., 30 F.S.A.[1] Plaintiff never moved for its reinstatement. In this state of affairs and some nine and one-half months after dismissal, the case was tried to a jury over the defendant's objection with a plaintiff's verdict resulting. The cause was then reinstated by post trial order entered on the court's own motion. This was done contrary to Rule 1.420(e) in that it was not timely because a motion was not made within one month after dismissal. Further, there was no showing of good cause on the part of the plaintiff. Defendant's post trial protests as to reinstatement of the cause were unavailing. Defendant appeals the judgment. We reverse.
When a cause of action is dismissed for lack of prosecution and where a motion to reinstate the cause is not made within one month thereafter, the order of dismissal becomes final and the jurisdiction of the trial court over the subject matter and the cause is finally ended. Zukor v. Hill, Fla. 1956, 84 So.2d 554; Bowyer v. Cannon, Fla. 1953, 68 So.2d 564; B & L Trucking Co. v. Loftin, Fla. 1953, 63 So.2d 276; Ivy H. Smith Co. v. Moccia, Fla. 1952, 59 So.2d 629.
In the order of reinstatement it was commented, "* * * [T]he defendant has waived any right to a continuance of the trial and/or of any right to complain at this *410 late date. * * *" It is supposed that this observation was based upon the fact that the defendant responded to an alias summons which was served upon him some two and one-half months following the order of dismissal (the original summons was not served upon defendant and it does not appear that he received any notice of the dismissal proceeding), by filing an answer and participating in the pre-trial proceedings. So far as the record shows defendant's objection was presented to the court as soon as he became aware of the order of dismissal and the lack as concerns the suit's reinstatement  this being immediately prior to trial.
Was the trial court correct in finding a waiver by defendant? We think not. The most frequent and generally accepted definition of the term "waiver" is the intentional relinquishment of a known right, or the voluntary relinquishment of a known right, or conduct which warrants an inference of the relinquishment of a known right. There can be no waiver unless the party against whom the waiver is invoked was in possession of all the material facts. Fireman's Fund Insurance Company v. Vogel, Fla.App. 1967, 195 So.2d 20, at 24. It is our view that defendant's conduct under the circumstances can not be held to be a waiver because of his lack of knowledge of material facts such as the suit's prior dismissal and lack of reinstatement.
Of greater importance is the fact that at the time of trial the court lacked jurisdiction over the subject matter and of the cause. In this situation there can be no waiver, as jurisdiction of the subject matter can not be conferred by consent, failure to object or waiver. An objection to this lack may be raised at any time. Roberts v. Seaboard Surety Co., 1947, 158 Fla. 686, 29 So.2d 743; Winn & Lovett Grocery Co. v. Luke, 1945, 156 Fla. 638, 24 So.2d 310; Director General of Railroads v. Wilford, 1921, 81 Fla. 430, 88 So. 256. This is to be contrasted with jurisdiction over the person which may be achieved via waiver or consent. State ex rel. Associated Utilities Corp. v. Chillingworth, 1938, 132 Fla. 587, 181 So. 346.
The judgment here appealed is reversed and the cause remanded with instructions to vacate said judgment and the order of reinstatement.
Reversed.
McCAIN and REED, JJ., concur.
NOTES
[1] "(e) Failure to Prosecute. All actions in which it does not affirmatively appear from some action taken by filing of pleadings, order of court or otherwise that the same is being prosecuted for a period of one year shall be deemed abated for want of prosecution and shall be dismissed by the court on its own motion or on motion of any interested person, whether a party to the action or not, after notice to the parties; provided that actions so dismissed may be reinstated on motion for good cause, such motion to be served by any party within one month after such order of dismissal." (Italics supplied.)