REED, Chief Judge.
The issue is whether or not the Circuit Court for Orange County, Florida, has jurisdiction to review an order of the Florida Secretary of State which was entered under the authority of Chapter 493, F.S. 1969, F.S.A., and which denied appellee’s application for a detective license.
In April 1970, the appellee, Claude E. Gordon, filed an application with the Secretary of State pursuant to Sec. 493.01 et seq., F.S.1969, F.S.A., for a private detective license. After an evidentiary hearing before a hearing officer designated by the Department of State, an order was entered by the appellant as Secretary of State on 20 July 1970 denying the application on the ground that the appellee lacked the experience requirement (3 years; see Sec. 493.04, F.S.1969, F.S.A.) for such license.
*247 The appellee, following the provisions of Sec. 493.16(2), F.S.1969, filed in the Circuit Court'for Orange County, Florida, a document entitled “Appeal.” This fully described the proceedings before the Department of State, the result, and sought among other relief a reversal of the order of the Secretary. The Secretary filed a motion to dismiss the “Appeal” on the ground that the circuit court lacked appellate jurisdiction to review the order. The circuit court denied the motion and treated the “Appeal” as a petition for writ of cer-tiorari. Thereafter on 10 March 1971 the circuit court entered a final judgment which found that the Secretary of State had acted arbitrarily in disregarding certain unre-futed evidence which showed that appellee had the required experience. On the basis of this finding the circuit court held that the Secretary acted in excess of his statutory jurisdiction and in disregard of the essential requirements of law. The judgment set aside the order of the Secretary and directed the issuance of the license pursuant to the application. This is an appeal by the Secretary from that judgment.
The appellant’s brief states the only point on appeal as follows :
“Whether the circuit court exceeded its jurisdiction when it purported to review the appellant’s order.”
The appellant’s theory is that the circuit court’s appellate jurisdiction is limited by Article V, Sec. 6(3), of the Florida Constitution, F.S.A., to appeals from certain specified courts and does not include appeals from orders of agencies or departments of the state. Therefore, concludes the appellant, Sec. 493.16(2), F.S.1969, F. S.A., which purports to authorize an appeal to the circuit court from an order of the Department of State is a nullity because it conflicts with the aforementioned constitutional provision. The appellant suggests that since Sec. 493.16(2), F.S. 1969, F.S.A., is void, the only judicial review that was available to the appellee was that afforded by Sec. 120.31, F.S.1969, F. S.A., which provides for review by certio-rari in the District Court of Appeal.
We can appreciate the logic of the appellant’s argument, but cannot accept his conclusion. The pertinent "provisions of the Florida Constitution which appear in Article . V, Sec. 6(3) read as follows :
“ . . . They shall have original jurisdiction of actions of forcible entry and unlawful detainer, and of such other matters as the legislature may provide. They shall have final appellate jurisdiction in all civil and criminal cases arising in the county court, or before county judges’ courts, of all misdemeanors tried in criminal courts of record, and of all cases arising in municipal courts, small claims courts, and courts of justices of the peace. . . . ” (Emphasis added.)
These provisions were adopted in 1956. The pertinent statute, Sec. 493.16(2), F.S. 1969, F.S.A., reads as follows:
“After notice of revocation, or suspension, or denial of application has been mailed, by registered or certified mail, to the applicant, or licensee, he shall have the time provided by the Florida Appellate Rules within which to appeal the revocation, suspension, or denial of the application to the circuit court of the judicial circuit within which he resides, or is domiciled. . . . ”
This statute was originally enacted in 1963.
Article V, Sec. 6(3), clearly limits the final appellate jurisdiction of the circuit court. If, therefore, Sec. 493.16(2), F.S. 1969, F.S.A., is construed as intending a statutory extension of the final appellate jurisdiction of the circuit court, the statute must be held void because the legislature, under the constitution, has no authority to extend such jurisdiction. We conclude, however, that the statute may be reasonably construed as falling within the consti *248 tutional authority of the legislature to extend by statute the original jurisdiction of the circuit court as distinguished from its-appellate jurisdiction.
We must presume that the legislature was aware of the limitations of Article V, Sec. 6(3), at the time it enacted the statute, Collins Investment Co. v. Metropolitan Dade County, Fla.1964, 164 So.2d 806, 809, and intended a constitutional enactment. See dissent in Davis v. Smith, Fla.App.1969, 227 So.2d 342, 344, 345, and approval thereof by the Florida Supreme Court in Smith v. Davis, Fla.1970, 231 So.2d 517. It is our responsibility to give effect to the manifest intent of the legislature where the same is clearly discernible from the language of the statute, even though the result may seem a departure from the literal wording of the statute. Beebe v. Richardson, 1945, 156 Fla. 559, 23 So.2d 718. With these principles as guidelines to construction, we conclude that the word “appeal” as used in sec. 493.16(2) should be read as referring to judicial review by certiorari and do not attribute to it the narrow technical signification which would place the statute at variance with the constitution. The construction we give the term “appeal” reconciles the statute with the constitution because certiorari proceedings, although used to perform appellate functions, are original in nature. State ex rel. Associated Utilities Corporation v. Chillingworth, 1938, 132 Fla. 587, 181 So. 346, 348. This application of the statute also gives effect to the manifest intent of the legislature. Additionally, it avoids the anomaly of this court telling a citizen who has followed the clear language of an obviously pertinent statute that for his efforts in so doing he shall be penalized by the loss of his right to judicial review.
We are aware that the decision in this case may appear at first glance to be in conflict with the decision of the Florida Supreme Court in Codomo v. Shaw, Fla. 1958, 99 So.2d 849. We are convinced, however, there is no conflict. In Codomo v. Shaw, the Supreme Court of Florida held that Sec. 475.35(1), F.S.1955, which provided for appeals from orders of the Real Estate Commission to the circuit court was rendered invalid by the adoption of the 1956 amendments to Article V of the Florida Constitution quoted supra. The rationale of the Court was that the pertinent provisions of Sec. 475.35(1), F.S.1955, were valid when enacted because they were authorized by Sec. 11 of Article V of the Constitution of 1885 which provided:
“. . . They (circuit courts) shall have final appellate jurisdiction in all civil and criminal cases arising in the County Court . . . and supervision and appellate jurisdiction of matters arising before County Judges pertaining to their probate jurisdiction, or to the estates and interest of minors, and of such other matters as the Legislature may provide. ...” (Emphasis added.)
But the court concluded that the omission of the above quoted language from the provisions of the 1956 amendments to Article V of the Florida Constitution eliminated the constitutional basis which theretofore existed for Sec. 475.35(1), F.S.1955, F.S.A., and the appeal thereby provided to the circuit court. The important distinction between Codomo v. Shaw and the present case is that here we are faced with a statute enacted after the 1956 amendments to Article V. The problem before us is to determine whether or not that statute when enacted was authorized by the judicial article of the Florida Constitution then in effect. We are not concerned — as was the Supreme Court in Codomo v. Shaw—with the effect of a constitutional change on a previously enacted statute. As a further consequence of the factual difference, the issue before this court is controlled by canons of statutory construction which were not pertinent to the decision in Codomo v. Shaw. For the foregoing reasons, we believe that our decision is neither controlled by nor inconsistent with the decision in Codomo v. Shaw.
*249 We conclude that the trial court had jurisdiction to review by certiorari the proceedings before the Department of State in accordance with Section 493.16(2), F.S.1969, F.S.A. The appellant does not raise as a point on appeal the merits of the circuit court’s decision. The appellant does, however, devote one sentence to an allegation that the trial court exceeded the scope of review available to it in certiora-ri. We are not persuaded by this limited treatment that the trial court’s decision on the merits was in error.
For the foregoing reasons, the judgment appealed from is affirmed.
Affirmed.
CROSS, J., concurs.
MAGER, J., concurs specially, with opinion.