QUESTIONS:
1. What is the meaning of the word "registrant" as used in ss. 382.17(1) and 382.35(2) and (3), F.S.?
2. Is there a conflict between the provisions of s. 382.17(1), F. S., and the provisions of s. 382.35(2), F.S., and, if so, which section will control the disclosure of a person's legitimacy status?
SUMMARY:
The word "registrant," as used in ss. 382.17(1) and 382.35(2) and (3), F.S., means or otherwise refers to the person whose birth is registered or reported in this state — not the person who accomplishes the act of registering such a birth. The provisions of ss. 382.17(1) and 382.35(2) limiting access to, or disclosure of, information regarding the legitimacy status of a child are not conflicting, as s. 382.17 controls the content and form of the registration and s. 382.35 controls the limited disclosure of such registered information, which is by law declared to be confidential and thus constitutes an exception to the Public Records Law as prescribed by s. 119.07(2)(a), F.S.
AS TO QUESTION 1:
The provisions of Ch. 382, F.S., establish a central bureau of vital statistics and one of the bureau's prime responsibilities is the registration of "[t]he birth of each and every child born in this state." See s. 382.15.
As noted in your request, the word "registrant" is defined in Black's Law Dictionary as "one who registers." Black's Law Dictionary, Rev. 4th Ed., p. 1449; similar definitions appear in both Webster's 3rd International Dictionary (1966) at p. 1912, and the Random House Dictionary of the English Language, Unabridged Ed., at p. 1208.
At first reading, in light of the above-recognized definitions of the word registrant, the use of the word registrant would appear to apply to the person who registers the birth of a child with the Bureau of Vital Statistics. However, upon a closer reading, the applicable provisions of Ch. 382, supra, appear to address themselves to the birth record of the person whose birth is registered rather than to the parties causing such registration. See ss. 382.15, 382.16, and 382.17.
Therefore, in regard to the issue of who is a registrant, it is my responsibility to ascertain the manifest intent of the legislature in its use of this term if, in fact, there exists any ambiguity by its use in Ch. 382, F.S. Cf. Beebe v. Richardson, 23 So.2d 718
(Fla. 1945); Adams v. Gordon, 260 So.2d 246 (4 D.C.A. Fla., 1972).
The word registrant is not purely technical and its meaning may well depend upon the connection in which it has been used in regard to registering a child's birth. Cf. Alsop v. Pierce,19 So.2d 799 (Fla. 1944).
In ss. 382.17(1) and 382.35(1) and (2), to which you refer, as well as s. 382.17(2), the term registrant is always followed by the phrase "if of legal age." The purpose of such a proviso, if of legal age, is either to qualify, restrain, or exclude some possible ground of misinterpreting the word registrant. Cf. State v. State Racing Commission, 112 So.2d 825 (Fla. 1959).
If the term registrant relates to one who has registered the birth of a child as opposed to the term's application to a child whose birth is registered, the use of the phrase if of legal age would appear to be of little value in application to an adult parent or a physician, midwife, or other person designated by the statute to file certificates of birth or to report the fact of such births. See s. 382.16, F.S.
Considering the ordinary meaning of the word "registrant," there does appear to exist some ambiguity in its employment in ss. 382.17(1) and 382.35(1) and (2), supra, if the same were to be taken literally. However, when applied to the subject matter of your inquiry, i.e., the disclosure of legitimacy status, the ordinary meaning of the word registrant may well conflict with the legislative intent discernible in this statute. If that does in fact occur, the context must yield to the legislative purpose of the statute even though the result may seem to be a departure from the literal and seemingly recognized meaning of the word registrant. Cf. Beebe v. Richardson, supra, and Adams v. Gordon, supra.
The whole issue of disclosure centers around the status of legitimacy. In regard to legitimation, s. 382.21(2), F.S., the legislature used the term registrant in the following manner:
"Upon receipt of the report of a legitimation from a clerk of the court . . . or upon receipt of a certified copy of a final decree or judgment of legitimation, together with all necessary information from a registrant or the parent or parents of a registrant, or upon receipt of evidence of the marriage of the parents of a person subsequent to the birth of said person, the state registrar shall make and file a new birth certificate. . . ." (Emphasis supplied.)
Further, with regard to the issuance of certified copies of birth certificates (original, new, or amendatory), exclusive of that portion containing legitimacy status, s. 382.35(3), supra, provides they shall be issued "only to the registrant, if of legal age, or his or her parent or guardian or other legal representative." (Emphasis supplied.)
Use of the pronouns "his" and "her" in regard to the phrase "his or her parent" clearly indicates that the term registrant applies to the person whose birth is registered as opposed to a parent or other person who may have registered the birth.
Based upon the context of the above referred statutes and rules of law regarding statutory interpretation, I am of the opinion that the term registrant as used in ss. 382.17(1) and 382.35(1) and (2), supra, means or otherwise refers to the birth registered or person whose birth is registered or filed with the Central Bureau of Vital Statistics established pursuant to s. 382.02, F.S.
AS TO QUESTION 2:
Your second question involves the issue of whether or not the legislature has provided authority entitling a parent access to an original birth certificate or to a certified copy of his or her child's birth record which discloses information of the child's legitimacy status.
Section 382.17, F.S., which relates to the content of a birth certificate, its form, and information required thereon, in summary provides:
All information on an original birth certificate concerning legitimacy status and medical details is to be recorded in a separate section of the certificate, which after having been processed for statistical and health purposes shall not be opened to inspection, nor certified copies issued, to anyone except the registrant, if of legal age, or upon the order of a court of competent jurisdiction.
A certificate for a child of unknown parentage is required to show all known or approximate facts relative to his or her birth. To assist in later identification of such a child, information concerning the place and circumstances under which such child was found shall be filed on that portion of the original certificate relating to legitimacy status and medical details. If a new certificate can be subsequently prepared, the original certificate shall be sealed, filed, and not be opened to inspection, nor certified copies of the same issued to any person but the registrant or pursuant to a court order.
All original, new, or amendatory certificates of birth are required to be identical in all respects and without any distinction being made between the birth certificate of a legitimate, illegitimate, or adopted child or child of unknown parentage.
Section 382.35, F.S., is addressed to the subject of public disclosure of birth records and in summary provides:
That all birth records of this state are considered to be confidential documents and open to inspection only as applicable sections of said Ch. 382, F.S., may provide.
Disclosure of illegitimacy of birth or of information on a birth certificate from which it can be ascertained may be made only upon order of a court of competent jurisdiction when such information is necessary for the determination of the child's personal or property rights and then only for such purposes, or to the registrant, if of legal age, and if he applies for same.
Certified copies of an original birth certificate or a subsequent certificate, exclusive of that portion containing medical details and legitimacy status shall be issued
". . . only to the registrant, if of legal age, or his or her parent or guardian or other legal representative, health and social agencies upon approval of the state registrar, any agency of the State or the United States for official purposes or upon order of any court of competent jurisdiction." (Emphasis supplied.)
Since a certificate of birth has been declared by the legislature to be a "confidential document" (see s. 382.35, F.S.), limited disclosure of certain information is an exception to the Public Records Law of this state, see s. 119.07(2)(a), F.S.
In considering the language of s. 119.07(2)(a), F.S., as well as ss. 382.17 and 382.35, supra, it is not apparent that any conflict exists in regard to the restricted disclosure sections heretofore cited.
Neither the courts nor I can charge the legislature with enacting contrary provisions in the same act, for it is our duty, if possible, to read these several provisions as being consistent with one another rather than in conflict with each other [Cf., State v. Putnam County Development Authority, 249 So.2d 6, 10
(Fla. 1971), interpreting allegedly conflicting statutory provisions], in view of the fact that the restrictions on limited disclosure of this confidential information and record are so explicit that they defy any conclusion to the contrary under the doctrine of expressio unius est exclusio alterius — express legislative direction implies the exclusion of any other authority. See Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952).
It is therefore my opinion there is no conflict in respect to the provisions of ss. 382.17 and 382.35, F.S., limiting the disclosure of information on the legitimacy status of a birth registered with the Bureau of Vital Statistics, except to the individual himself as a registrant, if of legal age, or pursuant to an appropriate court order.
In conclusion, I would like to suggest that the legislature might well consider remedial legislation to clarify and make specific the meaning of the term, and definition of, "registrant" as the same is used in Ch. 382, F.S.; and in respect to s. 382.35, I am informed that the staff of the Department of Health and Rehabilitative Services may be considering possible amendments to subsections (2) or (3) of s. 382.35, as they presently cause some confusion as to an authorized release to any of the other parties therein mentioned.