QUESTION: Are the moneys which are required to be deposited into the Pollution Recovery Fund under s. 403.165, F. S., limited to those moneys which are recovered by the state in a judicial action, as distinguished from an administrative proceeding or similar action by the Department of Pollution Control?
SUMMARY: In light of the apparent legislative intent that all moneys recovered for violations of part I of Ch. 403, F. S., be used to restore polluted areas, all such moneys should be placed in the Pollution Recovery Fund established by s. 403.165 without regard to the statutory procedure (administrative or judicial) employed to obtain recovery. Your question is answered in the negative. Section 403.165, F. S., provides as follows: (1) Any moneys recovered by the state in an action against any person who has polluted the air, soil, or water of the state in violation of this chapter shall be used to restore the polluted area which was the subject of suit to its former condition. (2) There is hereby created a Pollution Recovery Fund which is to be supervised and used by the department to restore polluted areas of the state, as defined by the department, to the condition they were in before pollution occurred. The fund shall consist of all moneys specified in subsection (1). The moneys shall be disbursed first to pay all amounts necessary to restore the respective polluted areas which were the subjects of state actions. Any moneys remaining in the fund shall then be used by the department, as it sees fit, to pay for any work needed to restore areas which required more money than the state was able to obtain by court action or otherwise or to restore areas in which the state brought suit but was unable to recover any moneys from the alleged violators. (Emphasis supplied.) This section was enacted as part of Ch. 72-286, Laws of Florida, the primary effect of which was to revise and strengthen the enforcement provisions of part I of Ch. 403, F. S., the Florida Air and Water Pollution Control Act. See, e.g., s. 403.121
establishing judicial and administrative remedies "to recover damages for any injury to the air, waters, or property, including animal, plant, and aquatic life, of the state caused by any violation" of part I of Ch. 403; and s. 403.131 providing that: (2) All the judicial and administrative remedies in this section and s. 403.121 are independent and cumulative except that the judicial and administrative remedies to recover damages are alternative and mutually exclusive. You point out that SB 1058, Regular Session 1976, which "died in committee," would have, among other things, amended s. 403.165, F. S., to expressly refer to "[a]ny moneys recovered by the state in an administrative or judicial action." (Emphasis supplied.) It is true that, in legal matters, the words "action" and "suit" are most often associated with judicial proceedings. See 2 Words and Phrases Action; Action at Law, pp. 87-90. However, depending on the context in which these words appear, they may encompass a broader meaning. For instance, s. 403.121(2)(d), F. S., provides that "[n]othing herein shall be construed as preventing any other legal or administrative action in accordance with law." (Emphasis supplied.) Also, the word "suit" has been construed on occasion to include quasi-judicial administrative proceedings, especially where such proceedings may be continued in court. See 40A Words and Phrases Suit, p. 174; see also s. 403.121(2)(a), F. S., providing in part that "the board may order that the violator pay a specified sum in damages to the state [and] [j]udgment for the amount of damages determined by the board may be entered in any court having jurisdiction thereof and may be enforced as any other judgment"; and s. 403.121(3), F. S. Thus, if it appears to be the legislative intent that the words "action" and "suit," as utilized in s. 403.165, F. S., include administrative proceedings maintained pursuant to part I of Ch. 403, F. S., then those terms, in my opinion, are broad enough in meaning to allow the implementation of that intent. See Florida Jai Alai, Inc. v. Lake Howell Water Reclamation District, 274 So.2d 522, 524 (Fla. 1973), in which it is stated that "a statute should be construed and applied so as to give effect to the evident legislative intent, even if it varies from the literal meaning of the statute," and that "[l]egislative intent should be gathered from consideration of the statute as a whole rather than from any one part thereof." See also Garner v. Ward, 251 So.2d 252 (Fla. 1971); and Adams v. Gordon, 260 So.2d 246 (4 D.C.A. Fla., 1972). In this latter regard, s. 403.165, F. S., was added to Committee Substitute for HB 2996, Regular Session 1972 (which became Ch. 72286, Laws of Florida), as a floor amendment proposed by Representative Jim Tillman. As gleaned from the tapes of Representative Tillman's comments during the floor debate, the purpose of this proposed amendment was to insure that moneys recovered pursuant to part I of Ch. 403, F. S., would not be placed in the state General Revenue Fund, from which they could be appropriated for any purpose, but would be used exclusively for restoration of polluted areas. Cf. AGO 073-330A in which tape recordings of legislative debates were relied upon in construing Ch. 73-173, Laws of Florida, relating to the salaries of county officers. Further, upon final passage of Committee Substitute for HB 2996 by the Legislature, Representative Guy Spicola, then Chairman of the House Committee on Environmental Pollution Control, sent a letter to the Governor dated April 11, 1972, urging the Governor to sign the bill into law and stating in part that "[t]he bill also contains provisions for a `pollution recovery fund' into which all sums received from violators would be placed and then used to restore polluted areas." (Emphasis supplied.) Thus, it would appear that the overriding intent of the proponents of that part of Committee Substitute for HB 2996, which became s. 403.165, was that all moneys collected for violations of part I of Ch. 403 be used for restoration of polluted areas, regardless of the statutory procedure employed to obtain such collection. See s. 403.165(2) providing in part that any excess moneys in the fund shall be used to restore areas which required more money than the state was able to obtain "by court action or otherwise." Accordingly, I am of the view that, until legislatively or judicially determined to the contrary, the moneys which are required to be deposited into the Pollution Recovery Fund under s. 403.165, F. S., should include all moneys received for violations of part I of Ch. 403, F. S., in administrative as well as judicial proceedings.