**Michael IRVINE, Sally Peisner, J. Ray Permenter and Richard Stuart, Plaintiffs-Appellants,**

v.

**CARGILL INVESTOR SERVICES, INC., Defendant-Appellee.**

**No. 85–5526.**

United States Court of Appeals, Eleventh Circuit.

Sept. 22, 1986.

Rehearing and Rehearing En Banc Denied Oct. 27, 1986.

Marsha L. Lyons, Lisa Bennett, Coral Gables, Fla., Douglas S. Lyons, Miami, Fla., for plaintiffs-appellants.

Stuart J. McGregor, Kimbrell & Hamann, P.A., Jeffrey H. Sloman, Miami, Fla., for defendant-appellee.

Before VANCE and ANDERSON, Circuit Judges, and PITTMAN,* Senior District Judge.

* Honorable Virgil Pittman, Senior U.S. District Judge for the Southern District of Alabama, sitting by designation.

VANCE, Circuit Judge:

This case concerns four disappointed customers of Cargill Investor Services who had placed money[1] with Cargill with instructions that the funds be invested prudently and conservatively. The four signed acknowledgment of risk statements and received regular communications from Cargill on the state of their accounts. They claim to have been assured by their brokers[2] that the pattern of commodities investing they had chosen had, in fact, very little risk. Over a period of several months, however, the accounts were significantly depleted under unusual circumstances, including assurances by the account executives that reports sent to appellants showed only "paper losses", the mysterious replacement of funds into one account when one of the plaintiffs complained about a margin call, the severe cocaine problem and eventual suicide of Jackson King, one of the responsible account executives, and a letter from King to Mr. Peisner, the husband of one plaintiff, confessing mishandling of his wife's account and promising repayment from either Cargill or himself.

Plaintiffs sued Cargill in Florida state court, alleging violation of the Commodities Exchange Act, 7 U.S.C. § 6(b), violations of the discretionary trading regulations of the Commodities Futures Trading Commission, 17 C.F.R. § 166.2 (CFTC), common law fraud, negligence and breach of fiduciary duty in handling their commodities futures accounts. Cargill removed to federal court. In its answer, Cargill then pled a number of affirmative defenses, including estoppel, waiver and ratification. The judge granted summary judgment for Cargill on the CFTC regulations count on the ground that there was no private cause of action arising from violation of those regulations. The jury found that Cargill had breached its fiduciary duty to plaintiffs but that plaintiffs were barred by the estoppel, waiver and ratification defenses. Plaintiffs appeal, claiming a wide variety of trial errors, including permitting the affirmative defenses to go to the jury. Because our disposition of the latter claim leaves standing the jury's finding of Cargill's liability, we need not reach the rest of plaintiffs' claims of error though we consider several of them meritorious.[3]

The affirmative defenses of estoppel waiver and ratification are variations on a theme in that they all serve to prevent plaintiffs from taking unfair advantage of a defendant's misdeeds or from compounding damage resulting from them. The defenses are, however, not favored and may not be used to bring about ends contrary to public policy. *Northwestern National Casualty Co. v. McNulty,* 307 F.2d 432,

1. Plaintiffs Irvine, Permenter and Peisner each initially deposited $10,000. Stuart opened his account with $20,000.

2. Cargill agents Jackson King and Harry Toronsoe serviced their accounts. King and Toronsoe were trading partners jointly responsible for the accounts they serviced. Stuart dealt directly with Toronsoe, the other three plaintiffs with King.

3. Plaintiffs object that the trial court improperly found there to be no private cause of action under CFTC regulations and improperly refused to instruct on violation of those regulations either as negligence per se or evidence of negligence. We believe there probably is such a cause of action, and that even if not, the jury should have received instruction on the violation of the regulations as negligence per se or evidence of negligence. Reversal is thus justified on at least the regulation and negligence claims. Plaintiffs claim that the trial judge abused her discretion by refusing for lack of relevance to admit evidence of King's drug abuse or to admit the daily account runs of Cargill's office. We consider both to be relevant and at least a portion of the proffered testimony admissible. Plaintiffs had argued that Cargill sent them copies of their risk statements after losses occurred thereby showing their awareness that the losses might cause suspicion or displeasure on the part of plaintiffs. Cargill denied sending the statements. Plaintiffs challenge the district court's refusal to permit rebuttal witnesses who would testify that Cargill did send out the forms when losses were suffered. Since these witnesses' testimony reached Cargill's credibility on a key point, it was admissible, and the court's refusal to do so is also probably reversible error. Plaintiffs also challenge the court's refusal to have read to the jury an affidavit by Irvine explaining his absence from the trial. This decision was well within her discretion.

442–43 (5th Cir.1962) (applying Florida law); *Travelers Insurance Co. v. Spencer,* 397 So.2d 358, 361 (Fla.Dist.Ct.App.1981); *Corporation de Gestion Ste-Foy v. Florida Power & Light Co.,* 385 So.2d 124, 126 (Fla.Dist.Ct.App.1980). There is an obvious public policy interest in holding brokers to a high level of fiduciary duty. Defendants have cited no case in which a defense of estoppel, waiver or ratification has been successfully maintained against charges of fraud or against breaches of fiduciary duty. Even assuming that these defenses could be appropriately invoked against such claims, the record before us shows insufficient evidence[4] to support giving the instruction on affirmative defenses to the jury. The facts show that the only significant act on plaintiffs' part was their failure immediately to contact Cargill's higher authorities in Chicago. Their acknowledgment of risk statement instructed them to contact Cargill at a Chicago phone number if they had questions. Plaintiffs, however, did not know early on that their losses were due to unusual circumstances, and when they did have questions their account executives Toronsoe and King provided them with plausible explanations. Their acceptance of explanations, which themselves are part of the wrongdoing alleged against Cargill, is not evidence sufficient to make a jury question of any of the affirmative defenses.

■ In Florida law, the defense of equitable estoppel requires a showing of (1) a representation as to a material fact contrary to a later asserted position; (2) reliance on that representation; and (3) a detrimental change in position in reliance on that representation. *State Department of Revenue v. Anderson,* 403 So.2d 397, 400 (Fla.1981). The burden of proving all facts essential to working an estoppel rests on the party asserting it. *Garner v. Pearson,* 545 F.Supp. 549, 567 (M.D.Fla.1982). The doctrine is applied with great caution,

and if the conduct is ambiguous and thus susceptible of two constructions, only one of which is inconsistent with the right asserted by the party sought to be estopped, there is no estoppel. *Capital Bank v. Schuler,* 421 So.2d 633, 638 (Fla.Dist.Ct. App.1982). Estoppel is applied against wrongdoers and not against victims. *Appalachian Inc. v. Olson,* 468 So.2d 266, 269 (Fla.Dist.Ct.App.1985). It is applied only when refusal to do so would be virtually to sanction fraud. *Schuler,* 421 So.2d at 638. Neither implied waiver nor estoppel by acquiescence are supported by lapse of time alone. *Dooley v. Weil (In re Garfinkle),* 672 F.2d 1340, 1347 (11th Cir.1982) (applying Florida law); *City of Miami Beach v. State ex rel. Wood,* 56 So.2d 520, 521 (Fla. 1952). The party sought to be estopped must be guilty of conduct which amounts to a concealment of material facts at a time when he has knowledge of those facts. *Minerals & Chemicals Philipp Corp. v. Milwhite Co.,* 414 F.2d 428, 430 (5th Cir. 1969) (applying Florida law). The party seeking to assert estoppel must have neither knowledge nor a reasonable means or opportunity of obtaining knowledge of the facts and must have relied upon the other party's representations to his detriment. *Robertson v. Robertson,* 61 So.2d 499, 503–04 (Fla.1952). Because Cargill is charged with the knowledge of the actions of its agents, it cannot claim ignorance of material facts. There is therefore no detrimental reliance.

■ Waiver requires (1) the existence at the time of waiver of a right, privilege, advantage or benefit which may be waived; (2) the actual or constructive knowledge thereof; and (3) an intention to relinquish such right, privilege, advantage or benefit. *Dooley,* 672 F.2d at 1347. It may be express, or implied from conduct. When it is implied, the acts, conduct or circumstances relied upon must make out a clear case.

---

**4.** Defendants claim that plaintiffs have failed to move for a directed verdict or a JNOV and that therefore we are barred from reviewing the sufficiency of the evidence except to determine whether there was a complete absence of evidence to support the affirmative defenses.

Plaintiffs did, however, object to the giving of affirmative defense instructions and moved for a new trial on those grounds. We conclude that plaintiffs' objections sufficiently preserved their right to have the sufficiency of evidence to support the affirmative defenses reviewed.

*Id.; Taylor v. Kenco Chemical & Manufacturing Corp.,* 465 So.2d 581, 587 (Fla. Dist.Ct.App.1985). The person against whom waiver is invoked must be in possession of all material facts. *Wilds v. Parmenter,* 228 So.2d 408, 410 (Fla.Dist.Ct. App.1969); *Fireman's Fund Insurance Co. v. Vogel,* 195 So.2d 20, 24 (Fla.Dist.Ct. App.1967). Our reading of the record reveals no action that shows intentional relinquishment, nor is there evidence that plaintiffs were aware of the material facts that would have shown them that their trades were improperly done. Whatever doubts they had were met with reasonable explanations from their trusted brokers. Neither failure immediately to suspect wrongdoing nor an attempt to cooperate with a broker demonstrates waiver of rights. As noted above, mere delay supports neither waiver nor estoppel.

■ Ratification is an intentional act. To find ratification, the court instructed the jury, the defendants must demonstrate that plaintiffs accepted the benefits of defendants' act, had full knowledge of material facts, including knowledge of the right to disavow a trade at no cost, and made an affirmative election showing their intention to adopt the unauthorized arrangement. We have discovered no significant facts beyond mere delay that could justify presenting this defense to the jury. The only evidence of "benefit" pointed out to us is temporary profits in some of the accounts. These profits apparently occurred before plaintiffs had reason to think anything amiss. Neither toleration of the losses suffered when plaintiffs were not yet aware of wrongdoing, nor their attempt to cooperate with their brokers in correcting error suffices to show ratification.

We hold that there is insufficient evidence for the district court properly to have instructed the jury on these affirmative defenses. Our reversal on this question leaves standing the jury's finding of Cargill's liability for breach of fiduciary duty. Because plaintiffs could recover on this count alone all the damages that they sought, including punitive damages, there is no need for a new trial on the other liability counts. We therefore remand this case for a new trial on the issue of damages only.

AFFIRMED in part, REVERSED in part and REMANDED for a new trial on the issue of damages.