[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-14013
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 30, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-02657-CV-T-24-EAJ


WILLIAM SAMMONS, as legal guardian of A.S.,
an incapacitated adult,
JANIE SAMMONS, as legal guardian of A.S.,
an incapacitated adult,

Plaintiffs-Appellees,

versus

POLK COUNTY SCHOOL BOARD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 30, 2006)**

Before TJOFLAT, BLACK and COX, Circuit Judges.

PER CURIAM:

The Polk County School Board appeals the district court's grant of a preliminary injunction at the request of William and Janie Sammons, the legal guardians of A.S., a disabled student at Bartow High School. A.S. received special education services from the school board from kindergarten until his graduation in May of 2004. Among his accommodations were placement in a separate portable classroom unit and instruction from a teacher and a paraprofessional, both of whom taught only A.S. in that classroom.

A.S. successfully graduated from Bartow High School on May 13, 2004, receiving a standard diploma after achieving a grade point average of 3.09 and passing all three sections of the Florida Comprehensive Assessment Test (the "FCAT") on his first attempt. The Plaintiffs in the underlying action seek to invalidate A.S.'s graduation and return him to his pre-graduation placement at Bartow High School. On May 17, 2004, they filed a formal request under the Individuals with Disabilities Education Act (the "IDEA"), 20 U.S.C. §§1400 *et seq.*, for a due process hearing to challenge the school board's decision to graduate A.S.

Prior to that filing, the Plaintiffs had attended two Individualized Education Plan ("IEP") meetings, one on October 6, 2003 and another on February 23, 2004. At the February meeting, the Plaintiffs were told that A.S. would graduate in May

of that year if he completed all of his credits. The Plaintiffs objected to the proposed graduation, as well as to the proposed elimination of further requirements to complete certain written assignments. Additionally, the Plaintiffs objected to the fact that A.S. would receive a standard, as opposed to a special, diploma. But the Plaintiffs did not request a due process hearing. Instead, on April 20, 2004, the Plaintiffs wrote a letter to the school board,"formally" requesting either a new IEP meeting or mediation.

The board chose not to mediate,[1] but scheduled a new IEP meeting and notified the Plaintiffs on May 8, 2004 that this meeting would occur on May 21, 2004. A.S. successfully completed his last remaining credits on May 13, 2004 and graduated with a standard diploma. As a result, the May 21, 2004 IEP meeting never occurred. Also on May 13, 2004, the Plaintiffs received notice through an e-mail from the school board that the graduation ceremony was set for May 20, 2004, and that school would be cancelled on May 14, 2004 for graduation practice. The Plaintiffs contend that this notice first alerted them to the possibility that A.S. would graduate and prompted them to file–four days later on May 17, 2004–their request for a due process hearing.

---

[1] Under both Florida law and the IDEA, mediation is a voluntary process for both parties. *See* 20 U.S.C. § 1415(e)(2)(A)(i); 6 F.A.C. § 6A-6.03311(5)(a)(1).

3

In the district court, the school board contended that, to grant a preliminary injunction to the Plaintiffs, the court would have to find that the criteria for obtaining such an injunction under Federal Rule of Civil Procedure 65 were satisfied.[2]  The school board based its contention on the fact that only a request for a due process hearing can trigger the automatic ("stay-put") injunction provided for in 20 U.S.C. § 1415(j),[3] and the Plaintiffs did not request a due process hearing until after A.S. had graduated.  Because of this timing, the board contended, A.S.'s educational placement to be maintained was that of a graduate, and the stay-put injunction could not operate to place him back in school.

The case was referred to a magistrate judge, who rejected the application of the Rule 65 criteria and recommended holding: (1) that the request for mediation on April 20, 2004 was sufficient to trigger the stay-put injunction; or alternatively, (2) that the conduct of the school board was sufficient to equitably estop the board from contending that A.S. graduated on May 13, 2004.  The district court adopted

---

[2]A party seeking a preliminary injunction under Rule 65 must establish that "(1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest."  *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc).

[3]20 U.S.C. § 1415(j) provides, in pertinent part, "during the pendency of any proceedings conducted pursuant to this section, . . ., the child shall remain in the then-current educational placement of such child . . . until all such proceedings have been completed."

4

the recommendations in full, expounding at length on the magistrate judge's second recommended holding (R.1-70 at 4-7.), and approving the first in a footnote. (R.2-70 at 6 n.1.)

This court reviews the district court's grant of a preliminary injunction for abuse of discretion. *Tefel v. Reno*, 180 F.3d 1286, 1295 (11th Cir. 1999) *cert. denied* 530 U.S. 1228, 120 S. Ct. 2657 (2000). However, we review findings of fact underlying an injunction for clear error. Fed. R. Civ. P. 52(a); *see also Sandoval v. Hagan*, 197 F.3d 484, 491 (11th Cir. 1999) *reversed on other grounds*, *Alexander v. Sandoval*, 532 U.S. 275, 121 S. Ct. 1511 (2001). We review all questions of law underlying the injunction de novo. *Id.*; *Tefel*, 180 F.3d at 1295. In this case we consider one question of law–whether a request for mediation invokes the stay-put injunction under 20 U.S.C. § 1415(j). We also review findings of fact that support the district court's decision to apply equitable estoppel to the school board.

We first address the district court's adoption of the magistrate judge's recommended holding that a request for mediation invokes the stay-put injunction. Reference to the Code of Federal Regulations reveals that only the filing of a request for a due process hearing invokes the stay-put injunction. *See* 34 C.F.R. § 300.514. The CFR provision that explicates § 1415(j) states that the "pendency of

5

any administrative or judicial proceeding regarding a complaint under § 300.507"

invokes the stay-put injunction. Section 300.507 is the CFR section that

explicates the procedures involved in a formal due process hearing. Sections

300.514 and 300.526[4] are the only provisions of the CFR addressing the stay-put

injunction, and they contain no mention of the mediation process.

Moreover, it is clear that the drafters of the Florida Administrative Code

understood the stay-put injunction as referring only to the filing of a request for a

due process hearing because the provision for the injunction only appears in the

subsection of the Florida Administrative Code dealing with formal due process

hearings. *See* 6 F.A.C. § 6A.6-03311(11)(d). It is absent from the subsection

dealing with mediation. *See* 6 F.A.C. § 6A.6-03311(5). Accordingly, we hold that

mediation, standing by itself, is not a "proceeding" under 20 U.S.C. § 1415.

Turning to the district court's application of equitable estoppel to the school

board, we note first that the standard that a party must meet to estop a government

entity is more stringent than that to estop a private party. *Alachua County v.

Cheshire*, 603 So. 2d 1334, 1337 (Fla. 1st DCA 1992). To equitably estop a

private party, the other party must show (1) a misrepresentation of a material fact;

---

[4]34 C.F.R. § 300.526 addresses the child's educational placement while a case is being appealed, and it is not relevant here.

(2) reasonable reliance on the misrepresentation; and (3) a detrimental change in the relying party's position as a result of that reliance. *Irvine v. Cargill Investor Services, Inc.*, 799 F.2d 1461, 1463 (11th Cir. 1986) (applying Florida law). A party seeking to estop a government entity must additionally establish affirmative misconduct on the part of the government entity. *Cheshire*, 603 So. 2d at 1337. Assuming arguendo that the normal requirements for equitable estoppel have been met here, we nevertheless conclude that the district court clearly erred when it determined that the school board affirmatively acted to mislead the Plaintiffs.

The district court based its conclusion that the school board acted affirmatively to mislead the Plaintiffs substantially on the fact that, in response to the Plaintiffs' request on April 20, 2004, the board scheduled a new IEP meeting for May 21, 2004–eight days after A.S.'s expected graduation date–and failed to inform the Plaintiffs that the meeting would not occur if A.S. graduated before then. A party urging the application of equitable estoppel has the burden of proving that all of the elements exist. *See Cargill*, 799 F.2d at 1463. And, the Plaintiffs did not offer any evidence that the board did not intend to hold the IEP meeting if A.S. failed to graduate on time.

Rather, the district court assumed that the board knew on May 8, 2004 that A.S. would successfully meet all the remaining requirements for graduation on

May 13, 2004 and set the meeting with the desire to "lull" the Plaintiffs into not filing a request for a due process hearing until after A.S. graduated. That is, the district court assumed that the school board knew what no one could possibly have known–that A.S. would complete all of his work and pass his remaining exams by May 13, 2004. As a factual finding, this was clearly erroneous. Thus, equitable estoppel should not have been applied to back-date the stay-put injunction and place A.S. back into high school.

For the reasons outlined above, we vacate the district court's judgment and injunction, and remand the case with the instruction to apply the Rule 65 criteria to determine whether a preliminary injunction is warranted.

VACATED AND REMANDED.