PER CURIAM.
 

 Martin and Linda Schaffer petition for a writ of certiorari seeking to quash the Palm Beach circuit court’s August 18, 2011, order granting the bank’s motion to reopen this foreclosure case following a dismissal for lack of prosecution.
 
 See
 
 Fla. R. Civ. P. 1.420(e) (providing a procedure for dismissal for “Failure to Prosecute”). We deny the petition.
 

 The foreclosure case was administratively dismissed on April 7, 2011. The bank moved to reinstate on May 26, 2011. In the motion, the bank’s attorney explained that he had filed a Notice of Change of Firm Name and Address on May 1, 2009. Despite this, on July 19, 2010, the court mailed the Motion, Notice, and Order of Dismissal — which advised of the lack of record activity and that dismissal would occur if no record activity occurred within sixty days — to the incorrect address.
 

 Petitioners argue that certiorari jurisdiction lies because the trial court acted in excess of its jurisdiction where the motion to reinstate was not served within thirty days of the dismissal.
 
 See
 
 Fla. R. Civ. P. 1.420 (Author’s Comment ¶ 9);
 
 Wilds v. Permenter,
 
 228 So.2d 408, 409 (Fla. 4th DCA 1969) (holding that under the Rule (as drafted in 1968) a court lost subject matter jurisdiction to reinstate a case following dismissal for failure to prosecute if a motion was not served within one month of dismissal).
 

 The original version of the rule, which was the rule applied in
 
 Wilds,
 
 provided:
 

 (e) Failure to Prosecute. All actions in which it does not affirmatively appear from some action taken by filing of pleadings, order of court or otherwise that the same is being prosecuted for a period of one year shall be deemed abated for want of prosecution and shall be dismissed by the court on its own motion or on motion of any interested person, whether a party to the action or not, after notice to the parties;
 
 provided that actions so dismissed may be reinstated on motion for good cause, such motion to be served by any paHy within one month after such order of dismissal.
 

 Fla. R. Civ. P. 1.420(e) (1968) (emphasis added). Effective October 1, 1968, the Florida Supreme Court removed the italicized sentence, which had been read to limit the trial court’s subject matter jurisdiction to reinstate a case following dismissal.
 
 In re Fla. R. Civ. P.,
 
 211 So.2d 206 (Fla.1968).
 
 [1]
 

 
 *831
 
 In 2005, the Florida Supreme Court amended Subdivision 1.420(e) “to provide that an action may not be dismissed for lack of prosecution without prior notice to the claimant and adequate opportunity for the claimant to re-commence prosecution of the action to avert dismissal.” Fla. R. Civ. P. 1.420 (Committee Notes, 2005 Amendment);
 
 In re Amendments to the Fla. Rules of Civil Procedure,
 
 917 So.2d 176, 177 (Fla.2005). Rule 1.420(e) requires notice and an opportunity to recommence prosecution before dismissal.
 
 Swait v. Swait,
 
 958 So.2d 552, 553-54 (Fla. 4th DCA 2007).
 

 The bank was not provided notice or an opportunity to recommence prosecution of the case before the dismissal. The trial court was not without jurisdiction to reinstate the case under these circumstances. The petition is without merit.
 

 Petition denied.
 

 GROSS, DAMOORGIAN and LEVINE, JJ., concur.
 

 [1]
 

 . In
 
 Bernard v. Rose,
 
 68 So.3d 946, 948 (Fla. 3d DCA 2011), the references to the Author’s Comment to the original version of the rule, and this court’s 1969 decision in
 
 Wilds,
 
 were made in passing and were not essential to the court’s decision.