KENNETH HANCOCK v. FRANK KAREL, as Sheriff of Orange County.

173 So. 274.

Opinion Filed March 13 1937.

C. A. Boyer and Fred M. Burns, for Petitioner;

Pleus, Williams & Pleus and O. Raymond Ellars, for Respondent.

WHITFIELD, P. J.—In habeas corpus proceedings brought in this court it appears that Kenneth Hancock is held in custody by the Sheriff of Orange County, Florida, under a warrant issued by the County Judge of that county charging that on the 16th day of January, 1937, "Kenneth Hancock did unlawfully take during the closed season, during which season it is unlawful to take wild deer, two wild deer, one buck and one doe or female deer, in that area or portion of Orange County which had heretofore been, by resolution of the State Livestock Sanitary Board of Florida, at a meeting of said Board held in Tallahassee, Florida, on January 5, 1937, designated by said State Livestock San-

itary Board of Florida as an area in which all wild deer were to be removed by shooting and killing," etc.

The contention for the petitioner is that in view of the statutes conferring authority upon the State Live Stock Sanitary Board and the resolution adopted by said Board, the charge against him does not constitute a criminal offense under the laws of Florida. The resolution states in effect that it has been officially determined that a tropical variety of cattle fever tick propagates on, and is carried by deer as well as cattle, and that in some deer-inhabited areas where such tropical variety of cattle fever ticks were found, said fever ticks were successfully eradicated after the deer were removed from the areas, and in order to eradicate cattle fever tick under the statute that "the wild deer be removed by shooting and killing" from described areas where such cattle ticks are found.

This requires a consideration of the applicable statutes. Chapter 9201, Acts of 1923, created a State Live Stock Sanitary Board and prescribed the powers and duties of such board, which include "the division of the State of Florida into quarantine areas and zones," with various administrative functions designed to accomplish cattle tick eradication in the State.

Section 4 of the Act provides:

"Said Board shall collect, preserve, and disseminate information concerning infections, contagious, communicable, or other diseases of cattle, hogs, and other domestic animals, their origin, locality, nature, appearance, manner of dissemination or contagion, and method of treatment required for the successful eradication and control thereof, and shall take such measures as in the judgment of said Board may be necessary and proper for the control, suppression, eradication and prevention of the spread thereof,

and to protect cattle, hogs, and other domestic animals therefrom in the State of Florida, and to quarantine all such animals as said Board shall find or have reason to believe to be infested with or exposed to any such disease or diseases."

"Sec. 6. The Board shall have the power and it shall be its duty from time to time to make, promulgate and enforce rules and regulations for carrying out the provisions and requirements of this Act, and to establish, maintain and enforce quarantines in any of the zones, or counties, or parts of counties, or any place, section, or district within the State of Florida, or the whole of the State, and to prescribe quarantine, districts, zones, regions and areas, their location and boundaries, except as hereinafter provided, for the work of the eradication of the cattle fever tick (margaropus Annulatus) and to restrict, regulate, or prohibit the movement or transportation of cattle, hogs, or other domestic animals into or out of such designated districts or areas when deemed by said Board necessary to prevent the spread or dissemination of contagious, infectious, or communicable diseases among cattle, hogs, or other domestic animals." See Secs. 3320, 3322 C. G. L.

The rule is that "When authority is given by statute to accomplish a stated governmental purpose, there is also given by implication the authority to do everything necessary to accomplish the purpose that is not a violation of law or public policy." Bailey v. Van Pelt, 78 Fla. 337, 82 So. 789.

There is in the cited statute of 1923 no express authority to remove wild deer from the quarantine areas authorized to be designated by the Board; and an implication of such authority is excluded by a consideration of provisions of

Chapter 13644, Acts of 1929, relating to wild deer enacted for the protection of game including wild deer in the State.

The latter statute contains the following provisions:

"Section 43. OPEN DEER SEASON.—The open season for taking deer, buck only, shall be from November 20th to December 31st of each year, except that no person shall kill, take or attempt to take a deer while swimming in water."

"Section 49. CLOSED SEASON ON DOE OR FEMALE DEER. It shall be unlawful for any person to take or be in possession of any doe or female deer within the State of Florida until November twentieth, nineteen hundred forty, except for propagation purposes, as provided in this Act." Chap. 13644, Acts 1929, Sec. 1977 (43), (49) Perm. Supp. to C. G. L.

. The last quoted statutory provisions of 1929 are inconsistent with and repugnant to the asserted implied authority of the State Live Stock Sanitary Board under the Act of 1923 to have wild deer removed by shooting and killing from prescribed areas where cattle fever tick eradication is being officially engaged in by the Board, there being detailed, specific provisions in the Act of 1923 with reference to the authority to be exercised by the Board in the eradication of cattle fever ticks from cattle in the State, which exclude the claimed implied authority, particularly when there are later express inconsistent statutory regulations.

As to ownership and rights in game, see Geer v. State of Connecticut, 161 U. S. 519, 16 Sup. Ct. 600, 40 L. Ed. 793; Harper v. Galloway, 58 Fla. 255, 51 So. 226, 26 L. R. A. (N. S.) 794, 19 Ann. Cas. 235; State v. Bryan, 87 Fla. 56, 99 So. 327; State v. Philips, 70 Fla. 340, 70 So. 367 Ann. Cas. 1918A 138.

The petitioner is remanded.

ELLIS, C. J., TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.