**R. L. BEEBE and FLORENCE BEEBE, his wife, v. E. J. RICHARDSON**

23 So. (2nd) 718                                   June Term
November 16, 1945                                  En Banc

*Saunders & Patterson,* for appellants.

*Davis & Lockhart,* for appellee.

C. A. Hiaasen and Sydney J. Catts, Jr., as amicus curiae.

SEBRING, J.:

This is a suit for specific performance to require the defendant below to carry out his agreement to purchase real property, by accepting a deed to the property and paying the purchase price. The facts giving rise to the controversy will not be delineated, as the only real question on this appeal is whether chapter 21822, Laws of Florida, 1943, is unconstitutional and void for certain reasons urged by the defendant.

Section 1 of Chapter 21822, supra, provides, in part, that any grantee under any tax deed issued by any municipality of the State of Florida, or any successor in title to such grantee, or any purchaser from any such municipality, of any land the title to which has been acquired by such municipality through any manner of proceeding or foreclosure for the nonpayment of taxes or special assessments, or the successor in title to

any such purchaser, may maintain a suit in the *chancery courts* of this State for the purpose of quieting the title to the lands included in such tax deed, or so purchased from such municipality, against the holders of the record title to said lands, and against any other person or corporation claiming any interest in said lands or any lien or encumbrance thereon, prior to the issuance of any such tax deed or prior to the loss of title to said lands in any such tax proceeding or foreclosure.

Section 2 of Chapter 21822, supra, prescribes that the practice and procedure and methods of serving process in suits brought under the act shall be as prescribed by the laws of this State for other suits to quiet title. The section authorizes a plaintiff to maintain suit whether in or out of possession of the lands involved, but provides that where the defendant is in actual possession thereof a jury trial may be had as in other suits to quiet title. Where the suit is based upon a tax deed, the plaintiff is not required to deraign his title beyond the issuance of the tax deed. Where the suit is based upon a conveyance by a municipality of the State of land the title to which it has acquired through a foreclosure or other proceeding for the nonpayment of taxes, the bill of complaint need not deraign title beyond the deed or other instrument or act vesting title in the municipality.

It is asserted by the appellant that the statute is unconstitutional and void in that it is violative of section 11 of Article V of the Constitution of Florida which provides that "The Circuit Courts shall have exclusive original jurisdiction in all cases in equity, also in all cases at law, not cognizable by inferior courts . . . and of such other matters as the Legislature may provide." The gist of the appellants' argument centers upon the attempt of the legislature to confer upon "the chancery courts" of the State, as distinguished from "the circuit courts," the power, by statute, to quiet titles to land based upon tax deeds in the hands of a tax deed grantee or his successor in interest. The appellants maintain that the equity jurisdiction of the circuit courts of the state is a constitutional jurisdiction, not a legislative jurisdiction, and may not be enlarged by statute.

It is a familiar rule of statutory construction that a statute should be so construed and applied as to give effect to the evident legislative intent, even if the result seems contradictory to rules of construction and the strict letter of the statute. Payne v. Payne, 82 Fla. 219, 89 So. 538; Getzen v. Sumter County, 89 Fla. 45, 103 So. 104. In construing a statute, the legislative intent should be gleaned from the language of the statute, the subject sought to be regulated, the purpose to be accomplished, and the means adopted for accomplishing the purpose. State v. Rose, 93 Fla. 1018, 114 So. 373; State v. Sullivan, 95 Fla. 191, 116 So. 255. Where there is ambiguity and uncertainty in the meaning to be given the words employed in a statute, or where the context of a statute taken literally conflicts with a plain legislative intent clearly discernible, the context must yield to the legislative purpose, for otherwise the intent of the lawmakers would be defeated. State v. Beardsley, 84 Fla. 109, 94 So. 660; City of West Palm Beach v. Amos, 100 Fla. 891, 130 So. 710; State v. City of Miami, 101 Fla. 292, 134 So. 608.

Strictly speaking, there is no such tribunal in the judicial system of Florida as a "chancery court," though the circuit court of the state, when exercising its equity jurisdiction under the constitution, is frequently spoken of as a chancery court. In attempting to confer jurisdiction upon the "chancery court" of the state to quiet tax titles to real estate, we think it manifestly plain that it was the legislative purpose to place such jurisdiction in the circuit court, the remedy, though statutory in nature, to be pursued in conformance with prescribed modes and methods of equity procedure and practice.

Jurisdiction over proceedings to quiet title to lands is inherent in courts of equity; and though we have said in past decisions that there is no such proceeding known to the general equity law of this state as a suit to quiet a tax title, Brecht v. Bur-Ne Co., 91 Fla. 345, 108 So. 173; Stuart v. Stephanus, et al., 94 Fla. 1087, 114 Fla. 767; Cremin v. Quigley, et al., 104 Fla. 133, 139 So. 383; Day v. Bensch, et ux, 104 Fla. 58, 139 So. 448, we have never held that it was not permissible for the legislature, in the legitimate exercise of its legislative power and discretion, to provide such remedy. This

the legislature may do, and has now done by the enactment of chapter 21822, supra; and we think that as against the constitutional ground urged by the appellants, the statute is valid.

By means of this statute, the legislature has now enlarged the field in which the circuit court, in the exercise of its equity jurisdiction to quiet titles, may operate. Through the statute the holder of a tax title, and his successors in interest, are given a remedy, which, when properly pursued, will set at rest potential claims of the former owner and lien holders that may arise to harass the new title. Under the statute all persons claiming an interest in the land involved by reason of the former record title are given an opportunity to come into the suit and present defenses in opposition to the establishment and confirmation of the tax title. When they have had their day in court, an adjudication against them estops them thereafter from questioning the validity of the tax title or the antecedent proceedings upon which it is based. Such procedure enables the holder of the tax deed and his successors in interest to bar and foreclose the interest of the original owner of the land, and lien holders, thereby stabilizing tax titles and enhancing the market value of the new found title to the property.

Other grounds of appeal have been duly considered and are found to be without merit.

The decree appealed from is affirmed.

It is so ordered.

CHAPMAN, C. J., TERRELL, BROWN, BUFORD, THOMAS and ADAMS, JJ., concur.