220 So.2d 905 (1969)
The DELTONA CORPORATION, a Delaware Corporation, Petitioner,
v.
FLORIDA PUBLIC SERVICE COMMISSION, Respondent.
No. 38171.
Supreme Court of Florida.
April 2, 1969.
*906 John P. Mudd and Wayne L. Allen, Miami, for petitioner.
R.M.C. Rose, Tallahassee, for Florida Public Service Commission, respondent.
ADKINS, Justice.
By petition for a writ of certiorari we are requested to review an order of the Florida Public Service Commission finding that Ch. 65-2355, Laws of Florida, grants to the Commission full regulatory authority over water systems and sewer systems in Volusia County, Florida, pursuant to the provisions of Ch. 367, Fla.Stats., F.S.A., and requiring petitioner, The Deltona Corporation, to obtain a certificate of public convenience and necessity for its water system and sewer system in Volusia County, Florida.
Petitioner Deltona operates such a system exclusively in the unincorporated areas of Volusia County, Florida.
Ch. 367, Fla.Stats., F.S.A., which was enacted in 1959 as Ch. 59-372, gives the Florida Public Service Commission jurisdiction to regulate water and sewer utilities not owned or operated by a municipality or governmental agency in any Florida county which, by virtue of a resolution of its Board of County Commissioners, desires to come under said law.
The Board of County Commissioners of Volusia County adopted such a resolution on September 3, 1959. The Legislature by a special Act, Ch. 59-1958, vested in the County Commissioners of Volusia County the exclusive jurisdiction to regulate rates, grant franchises, and determine the qualifications of those operating water and sewer utility systems in the unincorporated areas of Volusia County. Ch. 59-1958 became a law on June 20, 1959, two days after Ch. 367, Fla.Stats., F.S.A., became effective.
In Orange City Water Company v. Mason (Fla. 1964), 166 So.2d 449, this Court construed these two statutes as denying to the Florida Public Service Commission jurisdiction over privately owned water companies in the unincorporated areas of Volusia County. The Court pointed out that the Legislature, by a special Act, removed from the regulatory jurisdiction of *907 the Florida Public Service Commission all water companies operating in the unincorporated areas of Volusia County and gave such authority to the Board of County Commissioners.
At the next session of the Legislature Ch. 65-2355 was enacted and provided as follows:
"An Act transferring all the power and duties of the board of county commissioners of Volusia county, Florida, under any and all laws pertaining to the establishment, review or changing of water rates charged by water companies and sewer rates charged by sewer companies in Volusia county, Florida, to the Florida public utilities commission.
"Be it Enacted by the Legislature of the State of Florida:
"Section 1. All powers and duties of the board of county commissioners of Volusia county, Florida, under any and all laws pertaining to the establishment, review or changing of water rates and sewer rates charged by water and sewer companies not owned or operated by municipalities in Volusia county, Florida, be and the same are hereby transferred to and vested in the Florida public utilities commission.
"Section 2. That all laws and parts of laws in conflict herewith be and the same are hereby repealed.
"Section 3. This act shall take effect immediately upon its passage and approval by the Governor or upon becoming a law without such approval."
In July 1968, the Florida Public Service Commission entered a Show Cause Order against The Deltona Corporation requiring Deltona to show cause why it should not be penalized for an alleged violation of Ch. 367, Fla.Stats., F.S.A., in that it failed to obtain a certificate of public convenience and necessity for operation of its water system or sewer system in Volusia County, Florida. Deltona filed a motion to dismiss contending that the respondent was without jurisdiction to require such a certificate and that Ch. 65-2355 was unconstitutional. It was further contended that even if this statute were constitutional it only granted rate-making powers to the Commission and did not authorize the requirement of a certificate of public convenience and necessity. The Commission denied the motion and Deltona seeks a review of this order.
It is a cardinal rule that a statute should be construed so as to ascertain and give effect to the intention of the Legislature as expressed in the statute. In Beebe v. Richardson, 156 Fla. 559, 23 So.2d 718 (1945), the Court said:
"It is a familiar rule of statutory construction that a statute should be so construed and applied as to give effect to the evident legislative intent, even if the result seems contradictory to rules of construction and the strict letter of the statute. * * * In construing a statute, the legislative intent should be gleaned from the language of the statute, the subject sought to be regulated, the purpose to be accomplished, and the means adopted for accomplishing the purpose. * * * Where there is ambiguity and uncertainty in the meaning to be given the words employed in a statute, or where the context of a statute taken literally conflicts with a plain legislative intent clearly discernible, the context must yield to the legislative purpose, for otherwise the intent of the lawmakers would be defeated."
A statutory grant of power or right carries with it by implication everything necessary to carry out the power or right and make it effectual and complete. In re Advisory Opinion to the Governor, 60 So.2d 285 (Fla. 1952). See also 22 F.L.P., Statutes, § 64. Unquestionably, Ch. 65-2355 transferred to the respondent Commission the power to establish, review, and change the rates of water and sewer utility *908 companies in the unincorporated areas of Volusia County. Considering the history of the subject matter of the statute and applying the rules of statutory construction, we find that Ch. 65-2355 necessarily conferred on the Florida Public Service Commission the power to require such private utility to obtain a certificate of public convenience and necessity.
Respondent also contends that Ch. 65-2355 violates Sec. 16, Art. III, Florida Constitution, F.S.A., in seeking to amend or revise Ch. 59-1958 without re-enacting and publishing it at length.
This constitutional provision was designed to prevent the enactment of amendatory statutes in terms so blind that the legislators themselves are sometimes deceived concerning their effect and the public fails to become advised of the changes made in the law because of difficulty in making the necessary examination and comparison. See cases cited in 22 F.L.P., Statutes, § 37. It was not necessary for the title to refer to the repeal of a previous law in conflict with Ch. 65-2355, in view of the insertion of a repealing clause in the body of the Act. Hysler v. State, 132 Fla. 200, 181 So. 350 (1938). See also State v. Board of Public Instruction (Fla. 1959), 113 So.2d 368.
Ch. 65-2355 does no violence to Sec. 16, Art. III, Florida Constitution, since it does not seek to amend or revise Ch. 59-1958 but both specifically and by implication repeals portions thereof.
The Commission, of course, has the power to impose penalties sufficiently heavy to secure obedience to its orders, after all parties have an ample opportunity to test the validity of such orders. The questions raised by petitioner in these proceedings were not frivolous and the failure of petitioner to secure the certificate of public convenience and necessity was not malicious. Under the circumstances of this case, the penalty, if any, which may be imposed upon petitioner should be moderate.
The writ is denied. It is so ordered.
ROBERTS, Acting C.J., DREW and BOYD, JJ., and SPECTOR, District Court Judge, concur.