### FRYE v. PLATINUM COAST AVIATION, Inc., et al.
No. 541614.
Circuit Court, Brevard County.
November 18, 1971.

William H. Twyford of Twyford & Studsill, Titusville, for the plaintiff.

S. Lindsley Holland, Jr., of Crofton, Holland & Starling, Titusville, for the defendant Aetna Casualty & Surety Co.

VOILE A. WILLIAMS, Jr., Circuit Judge.

This cause came on for hearing on November 3, 1971, after due notice, on the motion to dismiss of the defendant Aetna Casualty & Surety Co. ("Aetna"). The court heard argument of counsel and is fully advised in the premises.

The facts, for purposes of consideration of this motion only, are not in dispute and are taken to be as alleged in the complaint.

These facts as they apply to the defendant Aetna basically allege that the defendant Maynard, while a licensed security salesman with Hamilton Management Corporation ("Hamilton") sold stock in the defendant Platinum Coast Aviation, Inc., in violation of provisions of chapter 517, Florida Statutes.

It not being alleged that said sale was in the scope of agent Maynard's authority with Aetna's principal, Hamilton, for purposes of this motion it is assumed that said stock sale was beyond the scope of his authority.

It is alleged that at times pertinent hereto the defendant Maynard, by virtue of his position with Hamilton, was covered by a bond with Aetna.

It is clear from the pleadings and the statutes that Maynard was licensed by the state only by virtue of the sponsorship of Hamilton and that his license could be terminated at the sole discretion of Hamilton — thus Maynard was, in his capacity as a stock salesman, the creature of the defendant Hamilton.

Upon examination of the bond, it is to be noted that it is not limited to the securities handled by Hamilton, but is sufficiently broad to cover all securities as defined by chapter 517 of the statutes. It is further to be noted that the bond requires each salesman employed by the principal to comply with provisions of chapter 517, and that the bond does not limit itself to the salesman's activities in the course of the principal's employment.

It has been persuasively argued by counsel for Aetna that the bond was not intended to extend beyond the scope of Maynard's employment with Hamilton. Nevertheless, it appears to do so. It is apparent here that the allegations are not of wrongdoing on the part of Aetna — this is an action by an allegedly innocent plaintiff against this innocent surety for the alleged wrongdoing of defendant securities salesman Maynard.

The principle that where one of two innocent parties must suffer for the wrongdoing of another, the one who is most able to prevent said wrongdoing should bear the loss, seems relevant here. Thus it would appear, from the allegations presently before the court, that Aetna's principal, Hamilton, clothed Maynard with a state license carrying with it apparent approval as to this salesman's qualifications and integrity and provided for the benefit of those who dealt with him a bond which carried with it apparent coverage for *all* stock sales — placing Maynard in a position to more effectively carry out the alleged wrongdoing.

In interpreting the statute involved and the terms of the bond, the court finds persuasive the reasoning found in Garner v. Ward, Fla., 251 So.2d 252, for although the facts of that case are unrelated to the facts of the case at bar, the reasoning with respect to statutory construction seems particularly apropos —

> Without question, the statutes here under examination are capable of more than one construction when applied to factual situations such as occur in the case sub judice. It is an accepted rule of law that if a statute is susceptible of more than one construction, it should be given the construction which will effectuate or carry out its purpose. McDonald v. Roland 65 So.2d 12 (Fla.

1953); Beebe v. Richardson, 156 Fla. 559, 23 So.2d 718 (1945). This is true even though the construction given is not within the literal, strict application of the language. In re Blankenship's Estate, 114 So.2d 519 (Fla. App. 2d 1959); Ft. Lauderdale v. DesCamps, 111 So.2d 693 (Fla. App. 1959); Hanson v. State, 56 So.2d 129 (Fla. 1952). A statute should be construed to give effect to the evident legislative intent, even if the result seems contradictory to the rules of construction and the strict letter of the statute; the spirit of the law prevails over the letter. Beebe v. Richardson, supra. The intent prevails where strict application of the letter of the law would defeat its purpose, or be absurd. Knight & Wall Co. v. Tampa Sand Lime Brick Co. 55 Fla. 728, 46 So. 285 (1908).

Any balanced reading of the applicable statute, chapter 517, must clearly disclose that the primary purpose of this law was to protect the public from prohibited sales and only secondarily to allow a licensed company the convenience of selecting salesmen to be licensed under it. This conclusion is reinforced by the very language of the statutory bond which neither limits sales covered to those of the principal nor limits fraudulent acts to those in the scope of the principal's employment.

It is accordingly ordered that the motion to dismiss of the defendant, Aetna Casualty & Surety Co., is denied. It is further ordered that said defendant shall have twenty days from the date of this order to plead further as it may be advised.