QUESTION: Is the Florida Department of Citrus, on approval of the Florida Citrus Commission, authorized to reimburse as per diem payable from the "Orange Stabilization Fund" the total actual expenses [as opposed to per diem as outlined in s. 112.061(6), F.S.] of the chairman or members of the school marketing program administrative committee when traveling on official business of the committee?
SUMMARY: Under s. 601.154(4)(f) and (14)(a), F.S., the chairman and members of the School Marketing Program Administrative Committee when traveling on official business of the committee are entitled to reimbursement for per diem at the rate specified in s.112.061, F.S., rather than for their total actual expenses. Your question is answered in the negative. The Orange Stabilization Act of Florida (Ch. 67-220, Laws of Florida, carried forward as s. 601.154, F.S.) requires the Department of Citrus to appoint an administrative committee to assist the department in the administration of each marketing order issued pursuant to the provisions of the act. Subsection 601.154(4)(f) provides that No member of the administrative committee . . . shall receive a salary, but each member of the administrative committee shall be entitled to his expenses as provided by law while engaged in performing his duties. (Emphasis supplied.) However, subsection 601.154(14)(a), F.S., creating the "Orange Stabilization Fund" as a special fund in the Florida Citrus Advertising Trust Fund into which the moneys collected under the authority of the act are to be deposited, provides that All moneys in such fund . . . are hereby appropriated to the department of citrus for the payment of the actual expenses incurred by the department of citrus or by the administrative committee in the formulation, issuance, administration, enforcement and operation of the marketing order pursuant to which such funds are so collected. (Emphasis supplied.) A law should be construed together with, and so as to be in harmony with, any other statute relating to the same subject matter or having the same purpose, even though the statutes were not enacted at the same time. Mann v. Goodyear Tire Rubber Co.,300 So.2d 666, 668 (Fla. 1974); Garner v. Ward, 251 So.2d 252, 255
(Fla. 1971). Where the legislative intent is clear and unmistakable, the court will construe a statute to give effect to the evident legislative intent, even if the result seems contradictory to the rules of construction and the strict letter of the statute. Garner v. Ward, supra, citing Knight Wall Co. v. Tampa Sand Lime Brick Co., 46 So. 285 (Fla. 1908), and Beebe v. Richardson, 23 So.2d 718 (Fla. 1945). The statute relating to the travel expenses of the members of the Florida Citrus Commission, s. 601.06, F.S., would seem to be in pari materia with the provisions of s. 601.154, supra, here in question. Section 601.06, as amended by the Uniform Travel Expense Law (Ch. 63- 400, Laws of Florida), provided that No member of the commission shall receive any salary or other compensation, but each member shall be reimbursed for traveling expenses pursuant to s. 112.061, while in actual attendance in regular or special meetings of the commission, or meetings of committees of the commission, or in transacting other business authorized by the commission. (Emphasis supplied.) Section 601.06 was amended by Ch. 65-70, Laws of Florida, to provide that each member should receive a meeting-attendance fee of $25 per day . . . to cover his personal expenses while in attendance thereon, together with his traveling expenses, including mileage at the rate allowed by law to state employees per mile traveled by automobile, or actual fare when traveling by airplane, railway, including pullman, or boat or other manner of transportation necessarily incurred for the transaction of such business, . . . . and again by Ch. 71-184, Laws of Florida — the purpose of which, according to its title, was to make clear that the $25 per day meeting-attendance fee granted by the 1965 act was to be paid "in addition to per diem and reimbursement of expenses as authorized by law." (Emphasis supplied.) The italicized phrase clearly limits the members of the commission to reimbursement for travel expenses — per diem and mileage — at the rates specified in s. 112.061, supra. And, to be in harmony with this provision, subsections (4)(f) and (14)(a) of s. 601.154 should be similarly interpreted. This interpretation is in accord also with the intent of the Legislature in adopting the Uniform Travel Expense Act, Ch. 63-400 (s. 112.061), supra, that, in order to preserve "standardization and uniformity" in reimbursement for travel expenses, The provisions of this section shall prevail over any conflicting provisions in a general law, present or future, to the extent of the conflict; but if any such general law contains a specific exemption from this section, including a specific reference to this section, such general law shall prevail, but only to the extent of the exemption.