Mr. Joel S. Moss Town Attorney Town of Melbourne Beach Post Office Box 370 Melbourne, Florida 32901
Dear Mr. Moss:
This is in response to your request for an opinion on substantially the following questions:
 1. DOES THE CIVIL SERVICE BOARD OF THE TOWN OF MELBOURNE BEACH, CREATED PURSUANT TO CH. 174, F.S. 1969, CONTINUE TO EXIST IN LIGHT OF THE MUNICIPAL HOME RULE POWERS ACT, CH. 73-129, LAWS OF FLORIDA?
 2. MAY THE PROVISIONS OF THE ACT CREATING THE CIVIL SERVICE BOARD AS EXISTED PRIOR TO 1973 BE AMENDED WITHOUT A REFERENDUM VOTE AS WAS REQUIRED UNDER s 174.19, F.S. 1969?
 QUESTION ONE
According to your letter, the Town of Melbourne Beach in 1971 adopted the provisions of Ch. 174, F.S. 1969, which established a civil service system for members of the police and fire department of any municipality not having a population of more than 125,000 which adopted Ch. 174 by referendum. Chapter 174 was repealed in 1973 by the Municipal Home Rule Powers Act, Ch. 73-129, Laws of Florida (codified as Ch. 166, F.S.). You therefore inquire whether the town's civil service board may continue to exist. Under the express terms of Ch. 73-129, Laws of Florida, the repeal of certain chapters of the Florida Statutes, including Ch. 174, is not to be interpreted as a limitation or restriction of the powers of municipal officers. See, s 5(2), Ch. 73-129 (codified as s166.042[1], F.S.), which states:
 It is the legislative intent that the repeal of the foregoing chapters of Florida Statutes shall not be interpreted to limit or restrict the powers of municipal officials, but shall be interpreted as a recognition of constitutional powers. It is, further, the legislative intent to recognize residual constitutional home rule powers in municipal government and the legislature finds that this can best be accomplished by the removal of legislative direction from the statutes. It is, further, the legislative intent that municipalities shall continue to exercise all powers heretofore conferred on municipalities by the chapters enumerated above, but shall hereafter exercise those powers at their own discretion, subject only to the terms and conditions which they choose to prescribe. (e.s.)
The foregoing provision makes clear the legislative intent to recognize the residual home rule powers vested in municipalities by the state constitution. See, s 2(b), Art. VIII, State Const., which provides in part that "[m]unicipalities shall have governmental, corporate and proprietary powers to enable them to conduct municipal government, perform municipal functions and render municipal services, and may exercise any power formunicipal purposes except as otherwise provided by law." (e.s.) While removing the legislative direction found in Ch. 174, the Legislature has declared its intention that municipalities may continue to exercise all powers conferred on them by Ch. 174 at their own discretion and subject to such terms and conditions as the governing bodies of such municipalities may choose to prescribe. See, State v. Williams, 343 So.2d 35 (Fla. 1977) (intent of the legislature as gleaned from the statute is the law); Deltona Corp. v. Florida Public Utilities Commission, 220 So.2d 905
(Fla. 1969) (statute should be construed so as to ascertain and give effect to intention of legislature as expressed in statute); Small v. Sun Oil Co., 222 So.2d 196 (Fla. 1969). Thus Ch. 174, although repealed, is still viable as a grant of municipal power under Ch. 73-129, Laws of Florida. Cf., Penn v. Pensacola-Escambia Governmental Center Authority, 311 So.2d 97, 101 (Fla. 1975). See, AGO's 76-211, 76-40, 75-63, 74-362 and 74-319 wherein this office stated that notwithstanding the repeal of the enumerated statutes by Ch. 73-129, such statutes pursuant to s 5(2) of Ch. 73-129 are preserved in force and effect and municipalities may continue to exercise the powers granted therein subject to such terms and conditions as the governing bodies might choose to prescribe. Andsee, AGO 80-23 in which this office stated that until such time as the governing body of the City of St. Augustine acts by proper legislation pursuant to s 166.042(1), F.S., to annual or modify the provisions of Ch. 174, providing for a civil service for certain policemen and firemen, it remains a viable law and the otherwise lawful acts of the city's governing body and its civil service board created by Ch. 174 and the rules and regulations exacted by the civil service board are and remain valid acts and rules with the force and effect of and enforceable as a local law.
Accordingly, I am of the opinion that the governing body of the Town of Melbourne Beach and its civil service board have, and may continue to exercise, all powers conferred upon the city by former Ch. 174, F.S. 1969. Your first question is therefore answered in the affirmative.
QUESTION TWO
Your second inquiry concerns whether the provisions of the act creating the civil service board as existed prior to 1973 can be amended without referendum vote as was required under s 174.19, F.S. 1969. As stated in the previous question, pursuant to the terms of s 5(2), Ch. 73-129, Laws of Florida, the governing body of a municipality may continue to exercise all powers conferred by former Ch. 174 at its discretion and subject to such terms and conditions as it may deem appropriate. Thus while s 174.19, F.S. 1969, required a referendum approving any amendment to Ch. 174, its provisions are no longer to be interpreted as a limitation or restriction on municipal officials; the governing body of a municipality is therefore no longer bound by the restrictions contained in Ch. 174 but rather may exercise only those provisions of Ch. 174 which it deems appropriate and may modify, nullify or repeal such other provisions as it, in its discretion, chooses. For as previously stated, it was the Legislature's intent, in adopting Ch. 73-129, Laws of Florida, to recognize the home rule powers vested in municipalities by the state constitution and to remove any limitations on the exercise of such powers except those expressly prohibited. Cf., s 166.021(1), (3), and (4), F.S. Accordingly, I am of the opinion that notwithstanding s 174.19, F.S. 1969, a municipality in exercising its home rule powers may amend the terms and conditions relating to its civil service system for municipal policemen and firemen without seeking the approval of the electorate.
You state, however, that the Charter of the Town of Melbourne Beach provides that no ordinance adopted by electoral vote can be repealed except by electoral vote. In a subsequent conversation with this office, you stated that the foregoing charter provision is contained in the town's present charter which was adopted in 1975. Since the charter was adopted subsequent to the effective date of Ch. 166, F.S., such provisions remain in full force and effect as charter provisions and may only be amended or repealed as provided in s 166.031. Compare, s 166.021(4) and (5), F.S., which provide that with the exception of certain subject matters enumerated in s 166.021(4), provisions of municipal charters and special acts in effect on July 1, 1973, which contained a limitation on municipal power or which pertained exclusively to the power or jurisdiction of a municipality were nullified or repealed or converted into ordinances, subject to modification or repeal as other ordinances.
Your inquiry therefore concerns whether the actions of the Town of Melbourne Beach in adopting the provisions of former Ch. 174, F.S., fall within the prescription against repeal without a referendum contained in the municipal charter. Generally, this office will not render an opinion on questions requiring interpretation only of a municipal charter. Moreover, this office has no information that such provisions of former Ch. 174 have been adopted as ordinances of the town although I note that pursuant to ss 174.19 and 174.20, the provisions of Ch. 174 were to be approved or rejected by the voters at an election called by a resolution of a municipality's governing body to approve or reject the terms of Ch. 174 or by petition to the governing body signed by at least 10% of the electors requesting the governing authority to call such election. This office, however, cannot opine on whether the action of the electors of the town adopting the terms of former Ch. 174 at an election for that purpose called by resolution of the governing body constitutes or is tantamount to the adoption of an ordinance by electorate vote as contemplated by the town charter. I would note, however, that the above stated charter provision prohibits the repeal of an ordinance adopted by electoral vote and does not in terms proscribe any amendment of such an ordinance.
Accordingly, I am of the opinion that until such time as the Town Commission of the Town of Melbourne Beach acts by proper legislation pursuant to s 166.042(1), F.S., to annul or modify the provisions of Ch. 174, F.S. 1969, providing for a civil service for municipal policemen and firemen, it remains a viable law and the civil service board established thereunder may continue to exercise such authority prescribed therein. A municipality's governing body is not, however, bound by the restrictions and limitations placed upon municipalities by former Ch. 174 and, accordingly, may in the exercise of its home rule powers enact an ordinance amending those provisions it deems appropriate without seeking the approval of the electorate, notwithstanding the provisions of former s 174.19, F.S. 1971.
Sincerely,
Jim Smith, Attorney General
Prepared by: Joslyn Wilson, Assistant Attorney General