506 So.2d 490 (1987)
PHILIP CROSBY ASSOCIATES, INC., Appellant,
v.
STATE BOARD OF INDEPENDENT COLLEGES, Etc., Appellee.
No. 85-1910.
District Court of Appeal of Florida, Fifth District.
May 7, 1987.
*491 Jacqueline R. Griffin, of Peirsol, Boroughs, Grimm, Bennett & Griffin, Professional Association, Orlando, for appellant.
Judith A. Brechner and Gene T. Sellers, State Bd. of Educ., Tallahassee, for appellee.
JOHNSON, Jr., W.C., Associate Judge.
Philip B. Crosby Associates, Inc., (Crosby) appeals a final order from the State Board of Independent Colleges and Universities (Board) based on a petition for declaratory statement. The order ruled that Crosby was not required to be licensed by the Board because they did not offer academic degrees or college credit. The Board also ruled that Crosby could not use the term "college" to describe its teaching program.
Crosby is a management consulting firm which assists its clients in improving the quality of their products and services. An unincorporated division of the company, known as Quality College, maintains classroom facilities in Winter Park, Florida, and conducts seminars on the quality improvement process. It does not furnish or offer to furnish a degree or instruction leading toward college credit or an academic degree beyond the secondary level.
On July 31, 1985, Crosby received a letter from the Board notifying Crosby that no private college or university may operate in Florida or use the words "college" or "university" in its name without prior express authority from the Board. Crosby responded and at a September 1985 meeting of the Board it was informally determined that Crosby's Quality College did not require licensure. The question of whether it could use the word "college" in its name was left open and unresolved.
Crosby thereafter filed a formal petition for declaratory statement and a hearing was held. On December 13, 1985, the Board issued a final order and ruled as follows:
3. That PCA is not required to obtain licensure from the Board for the activities of its Quality College Division because the division does not furnish or offer to furnish any sort of academic degree beyond the secondary level or college credit. Its activities do not fall within the definition of a `college' in section 246.021(1), Florida Statutes (1983), nor is it `operating in Florida' as that term is used in Rule 6E-1.03(8) and 6E-1.03(1), Florida Administrative Code.
4. PCA is not, however, entitled to use the term `college' with respect to the activities of its Quality College division.
The Board was proceeding under section 246.121(1), (2), Florida Statutes, which provides:
(1) The designated use of the title, `college' or `university' in combination with any series of letters, numbers, or words shall be restricted in this state to degree-granting colleges accredited as defined in s.246.021(1) or licensed under ss.246.011-246.151 or such colleges as were in active operation and using such designation on April 1, 1970, except with respect to branches or divisions of the parent corporation.
(2) Effective October 1, 1982, no person alone or in concert with others may *492 use the term `university' or `college' as part of the name or other designation of any nonpublic college in this state without authorization from the Board. However, no public college licensed under ss.246.011-246.151 on October 1, 1982, shall be required to change its name to comply with this subsection. The Board shall adopt rules for authorizing nonpublic colleges to use the term `university' or `college' as part of their names or designations, which rules shall consider the qualification of the institution to award degrees and may include minimum standards similar to those prescribed by law for licensing.
The overall issue on appeal is whether the Board correctly denied Crosby the use of the name "college." The Board has interpreted section 246.121, to mean that only degree-granting institutions which are accredited, licensed, or exempt because they were in active operation and using the term on April 1, 1970, are eligible to use the word "college." The Board in this case itself determined that it had no jurisdiction over Crosby because its activities did not fall within the statutory definition of those that the Board is empowered to regulate.
Statutes should be construed in light of the manifest purpose to be achieved by the legislation. Van Pelt v. Hilliard, 75 Fla. 792, 78 So. 693 (1918); Curry v. Lehman, 55 Fla. 847, 47 So. 18 (1908); Tampa-Hillsborough County v. K.E. Morris Alignment, 444 So.2d 926 (Fla. 1983). The cardinal rule of statutory construction is that a statute should be construed so as to ascertain and give effect to the legislative intent expressed in the statute. City of Tampa v. Thatcher Glass Corporation, 445 So.2d 578 (Fla. 1984); Deltona Corp. v. Florida Public Service Commission, 220 So.2d 905 (Fla. 1969). When a statute is susceptible of and in need of interpretation or construction, it is axiomatic that courts should endeavor to avoid giving it an interpretation that will lead to an absurd result. State ex rel. Florida Industrial Commission v. Willis, 124 So.2d 48 (Fla. 1st DCA 1960), cert. denied, 133 So.2d 323 (Fla. 1961); Tampa-Hillsborough v. Morris.
The Board's interpretation would prohibit the use of "college" and its counterpart "university" by any other person or entity for any other purpose. Such an interpretation of the statute would mean that the Roman Catholic College of Cardinals would be required to seek permission of the Board before it could convene in Florida and that permission would have to be denied based on the Board's precedent in this case. All the businesses and shops that surround the University of Florida and call themselves "College" or "University" would have to change their names. There could be no Kiddie College day care centers or preschools. Barber colleges and the Ringling Brothers Clown College likewise would be in violation of the law. Anheuser Busch could no longer sell University of Budweiser t-shirts to students on spring break.
Of course, all these entities could apply for permission from the Board for relief from its rule in advance of using it. The prior restraint aspects and dangers of such a situation are obvious. It is worth noting in this regard that this case was initiated because a Board member happened to see the Quality College sign while driving through downtown Winter Park. What has followed is frightening in its implications. Will the Board next decide it needs a force of investigators patrolling the state to locate and investigate the word "college" or "university?" And, will that lead to a determination that it has the power to summarily terminate any use that it has not authorized?
This court concludes that the Board has misinterpreted the statute and that Crosby's arguments and position are well founded and should be sustained. This court finds 1) that the Board had no jurisdiction over Crosby and 2) that the Board has erroneously interpreted section 246.121, Florida Statutes (1983) and as a consequence has exceeded its authority. We do *493 not reach the constitutional issues raised in light of this holding.
The final order of the State Board of Independent Colleges and Universities is accordingly,
REVERSED.
DAUKSCH and COBB, JJ., concur.