Mr. Henry L. Sheffield Fire Chief Braden River Fire District
QUESTION:
1. Is the Braden River Fire Control and Rescue District authorized to create a system of credits for impact fees collected in advance?
2. Is the Board of Fire Commissioners of the Braden River Fire Control and Rescue District authorized to amend the special act of the Legislature which created the district by written ordinance, resolution, agreement, or other document passed or executed by the board?
SUMMARY:
1. The Braden River Fire Control and Rescue District may create a system of impact fee credits for impact fees collected in advance but must collect the entire fee prior to issuing a building permit or issuing construction plan approval.
2. The Board of Commissioners of the Braden River Fire Control and Rescue District possesses no authority to amend the district's enabling legislation by ordinance, resolution, agreement, or other document.
Initially, I would note that your questions appear to be prompted by certain contracts into which the district has entered. This opinion should not be read to address or affect any preexisting contractual agreements to which the district is a party.
The Braden River Fire Control and Rescue District was created as a special district and a public corporation by Ch. 80-538, Laws of Florida. The board of commissioners of the district has the power to acquire a fire station site and firefighting and rescue equipment necessary for the district. The board has the authority to hire a fire chief and firefighters. These employees are charged with operating the firefighting and rescue equipment of the district and inspecting property and checking for fire hazards.[1]
The imposition and collection of impact fees by the Braden River Fire and Rescue District are authorized by s. 3, Ch. 82-329, Laws of Florida.[2] In pertinent part, the act provides that:
 No person shall issue or obtain a building permit for new residential dwelling units, or new commercial or industrial structures within the district, or issue or obtain construction plan approval for new mobile home or recreational or travel trailer park developments located within the district, until the developer thereof shall have paid the applicable impact fees to the district as follows: Each residential dwelling unit, 150; new commercial or industrial structures, 300 for structures of up to 5,000 square feet and 300 plus 0.075 per square foot for each square foot above 5,000 square feet for structures 5,000 square feet or over; new mobile home, recreational or travel trailer park developments, 37.50 per lot or permitted space.[3]
Thus, the district is specifically authorized to impose and collect impact fees for new residential, commercial, or industrial structures in the amounts established by the act. Such fees must be paid prior to issuance of a building permit or issuance of construction plan approval.
It is a well established rule that special districts have only such powers as are expressly granted to them by law or those necessarily implied because they are essential to carry into effect those powers expressly granted.[4] Thus, as statutory entities, special districts possess no inherent power to act but rather may exercise such a power only when authorized to do so by law and then only in the manner, within the limits, and for the purposes prescribed.[5]
The district has been given specific authority to impose and collect impact fees. However, no legislative direction has been provided regarding the method to be used by the district in collecting these fees. It is the rule that, when authority is given by a statute to accomplish a stated governmental purpose, the implied authority to do everything necessary to accomplish that purpose is also given.[6] Thus, the district has been given the implied authority to collect impact fees in the manner it determines best serves the district.[7] I would note, however, that the district continues to be bound by the legislative requirement that the entire amount of such fees must be collected prior to the issuance of any building permit or construction plan approval.
AS TO QUESTION 2:
The power to amend or repeal laws enacted by the Legislature is a legislative power belonging to the state which is, by the terms of s. 1, Art. III, State Const., vested in the State Legislature. In the absence of some express constitutional authority, therefor, it is axiomatic that existing laws may be amended or repealed only by another statute or law enacted by the State Legislature.[8]
I am aware of no law which expressly authorizes the Board of Commissioners of the Braden River Fire and Rescue District to amend or otherwise change the terms of the district's enabling legislation.
Further, as discussed above, implied powers accorded administrative agencies must be indispensable to the performance or execution of powers expressly granted to such agencies. Thus, administrative agencies, such as the district, impliedly possess those powers which are necessarily or reasonably implied as incidental to those powers expressly granted.[9]
Therefore, it is my opinion that the enabling legislation of the Braden River Fire and Rescue District may not be amended by the board of commissioners of the district.
[1] Section 11, Ch. 80-538, Laws of Florida.
[2] This act has been amended by Chs. 85-454, 88-488, and 91-396, Laws of Florida. These amendments are directed at the amount of the impact fee to be collected rather than making substantive changes in the act.
[3] Section 1, Ch. 91-396, Laws of Florida.
[4] See, Edgerton v. International Company,89 So.2d 488 (Fla. 1956), Forbes Pioneer Boat Line v. Board of Com'rs of Everglades Drainage Dist., 82 So. 346 (Fla. 1919), AGO's 82-89, 80-55, and 76-200.
[5] See, AGO's 73-374 and 76-200.
[6] See, Deltona Corporation v. Florida Public Service Commission, 220 So.2d 905 (Fla. 1969), and Hancock v. Karel,173 So. 274 (Fla. 1937).
[7] This office has concluded that the acceptance by municipalities of installment payments for impact fees does not violate s. 10, Art. VII, State Const., relating to extending public credit to private interests. See, AGO 90-17. Cf., AGO 82-58 (school boards are authorized to sell property on terms other than cash provided that such disposition is, in the board's opinion, in the best interests of the public and of education), and AGO 82-42 (the taking back of a mortgage by a municipality under its home rule powers when disposing of surplus municipal property does not constitute a loan or pledge of the public credit within the meaning of s. 10, Art. VII, State Const.).
[8] See, AGO 81-7. Cf., McRae v. Robbins,9 So.2d 284, 290 (Fla. 1942) (essentially legislative powers of government may not be delegated; where statutory board, commission, officer, or other tribunal or agency is lawfully given administrative and limited quasi-legislative or quasi-judicial authority or duties such authority or duties must not include any substantive legislative or judicial powers that may not be delegated); Mahon v. County of Sarasota, 177 So.2d 665 (Fla. 1965) (Legislature cannot delegate power to enact law, to declare what law shall be, or to exercise unrestricted discretion in applying law).
[9] See, State v. Atlantic Coast Line R. Co.,47 So. 969, 974 (Fla. 1908); Gardinier, Inc. v. Florida Department of Pollution Control, 300 So.2d 75, 76 (1 D.C.A. Fla., 1974); and St. Regis Paper Company v. State, 237 So.2d 797, 799 (1 D.C.A. Fla., 1970). See generally, 1 Am.Jur.2d Administrative Law andProcedure s. 44, p. 846 (1962).